**Calvin Lee JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1147–87.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 31, 1990.

Donald M. Brown, Conroe, for appellant.

Peter C. Speers, III, Dist. Atty. & Thomas D. Glenn, Asst. Dist. Atty., Conroe, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

DUNCAN, Judge.

Appellant was charged in a single indictment with two counts of attempted capital murder. A jury found him guilty of both counts. At the punishment phase of the trial, after finding all three enhancement paragraphs "true," the jury assessed punishment at a term of ninety-nine years incarceration in the Texas Department of Corrections on each conviction; the trial court subsequently ordered the sentences to be served consecutively. On appeal to the Beaumont Court of Appeals, both convictions were affirmed. The court of appeals, *inter alia,* overruled appellant's contention that the trial court committed reversible error in entering sentences on both convictions which stemmed from one incident. *Johnson v. State,* 737 S.W.2d 901 (Tex.App.—Beaumont 1987). In light of *Fortune v. State,* 745 S.W.2d 364 (Tex.Cr. App.1988), which was pending before this Court at the time the court of appeals rendered its opinion, we granted appellant's petition for discretionary review to determine the correctness of their holding.

A brief recitation of the facts is necessary in order to make a meaningful resolution of the contentions of the appellant. We will utilize the relevant facts as set out in the court of appeals' opinion. On the morning of March 8, 1985, at 10:15 a.m., the appellant arrived at the Lost Pine Nursery, owned by one of the complaining wit-

nesses, Barbara Brown. At that time Brown was attending to one of her customers, Riley Tomlin, who was eventually to become the second victim and the subject of the second count of the indictment. According to the trial testimony, the appellant was identified as the individual who attempted to commit a robbery of both Brown and Tomlin and in the course of the attempted robbery shot both Brown and Tomlin in the head. The complaining witnesses survived and were ultimately able to make an identification of the appellant who, as previously noted, was indicted in a single indictment for two counts of attempted capital murder. The relevant portions of the indictment charged that the appellant:

[W]ith specific intent to commit the offense of capital murder of Barbara Brown, attempt to intentionally cause the death of Barbara Brown by shooting her with a firearm in the course of committing and attempting to commit robbery of Barbara Brown and Riley Tomlin ...;

The second substantive count alleged that appellant:

[W]ith specific intent to commit the offense of capital murder of Riley Tomlin, attempt to intentionally cause the death of Riley Tomlin by shooting him with a firearm in the course of committing and attempting to commit robbery of Barbara Brown and Riley Tomlin ...;

After convicting the appellant, the jury assessed his punishment for two separate and distinct attempted capital murder offenses. In rejecting appellant's argument that the jury could assess only one punishment in a case where the charges emanate from a single indictment the court of appeals opined:

Point of error fifteen asserts that the trial court committed reversible error in entering sentences on both convictions resulting from multiple counts alleging two offenses from one transaction. We disagree and overrule this matter for review. These offenses did not grow out

of the same transaction. There were two different people shot and two different robberies, one of Barbara Brown and one of Riley Tomlin. Furthermore, if two separate and distinct offenses are alleged in one indictment, upon proper and timely request by the defendant, the State must elect which count it will prosecute and the other, of course, may be severed for separate trial. However, this right will be waived if the election is not demanded by proper, timely motion. There is no protest in this case against being convicted for more than one felony under one indictment. *Drake v. State*, 686 S.W.2d 935 (Tex.Cr.App.1985). The record shows that Appellant failed to request the State to elect. He failed to request a severance of these offenses. The Appellant did not protest being convicted and sentenced on both counts in the indictment. This point of error is, therefore, clearly waived.[1]

Article 21.24(A), V.A.C.C.P., in pertinent part reads:

Two or more offenses may be joined in a single indictment, information, or complaint, with each offense stated in a separate count, if the offenses arise out of the same criminal episode, as defined in Chapter 3 of the Penal Code.

At the time of the commission of this offense and appellant's trial V.T.C.A. Penal Code, § 3.01, defined the term "criminal episode" as follow:

In this chapter, "criminal episode" means the repeated commission of any one offense defined in Title 7 of this code (Offenses Against Property).

Thus the law became settled that in this State an indictment could, at the prosecutor's pleasure, contain more than one count charging the same offense; however, the indictment could not charge more than one offense. *Drake v. State*, 686 S.W.2d 935 (Tex.Cr.App.1985). The State could not obtain multiple convictions on two or more counts in a single indictment alleging non-property offenses arising out of the same

---

1. Whether this was one or two "transactions" is not a determinative issue; therefore, it is unnecessary for us to decide the validity of the court

of appeals' conclusion that "[t]hese offenses did not grow out of the same transaction."

criminal transaction. *Ex parte Siller*, 686 S.W.2d 617, 620 (Tex.Cr.App.1985). Prior to our holding in *Fortune*, this Court emphasized the distinction between offenses arising out of the same criminal transaction and those which arose out of different transactions. If the offense was misjoined and arose out of a different transaction, the defendant had an obligation to object to the misjoinder at trial or the defect was waived for appeal. *Drake*, supra. If, however, the misjoinder stemmed from the same criminal transaction a defendant was not required to interpose an objection to the misjoinder in order to preserve the issue on appeal. This distinction was based upon the premise that the State had no authority to obtain multiple convictions for multiple offenses arising from the same transaction and charge in a single indictment. *Ex parte Siller*, supra. Finally in *Fortune*, supra, at 370, this Court eliminated the distinction which existed and wrote:

> In *Drake*, supra, however, the joinder of distinct offenses arising out of separate transactions was not error because the defendant has a *right* to one offense per indictment, but rather was error because *the State has no authority to allege more than one offense in a single indictment.* See id. at 943–4. Given that the factor common to the State's error was lack of authority, it follows that in either circumstance, convictions for more than one offense alleged in a single indictment are void. As such, objection to such convictions should be permitted at any time, with no trial objection requirement. We therefore overrule that portion of the *Drake* opinion which holds that when the State joins two or more offenses arising out of different transactions, such error must be objected to at trial or waived on appeal. We do, however, adhere to the basic one offense

per indictment rule, regardless of whether the offenses arose out of the same or different transactions. [Emphasis in original]

■ Although the court of appeals did not have the benefit of our *Fortune* opinion, nonetheless it was incorrect in its ultimate conclusion. It was not necessary that the appellant interpose an objection to the misjoinder to preserve the error for appellate review. Thus, the jury was entitled to convict the appellant but once and only one sentence of ninety-nine years can be sustained. This Court would, however, be remiss if we did not respond to the intriguing argument offered by the State.

■ The State points out that when the Legislature chose to amend § 3.01, supra,[2] § 2 of the amendatory Act provides:

> (b) The joinder of prosecutions for offenses arising out of a single criminal episode if any of the offenses was committed before the effective date of this Act is covered by the law in effect before the changes by this Act, and the former law is continued in effect for this purpose.

The argument then proceeds that since *Drake* and *Siller* were valid authority in effect at the time of not only the commission of the offenses in the instant case, but also at the time the court of appeals issued its opinion, it was therefore correct in its conclusion and the result reached in *Fortune* should not control. We believe that the amendatory Act in reference to § 3.01, supra, was directed to the statutory provision and not to this Court's case law interpretations. Any other finding would have an untenable result. First, this Court was of the opinion that *Drake*, supra, was erroneous in its conclusion that it was required that a criminal defendant object at the trial when the State joined two or more offenses

---

**2.** In 1987 the Legislature redefined the term "criminal episode" as included in V.T.C.A. Penal Code, § 3.01, as follows:

> In this chapter, "criminal episode" means the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, under the following circumstances:

> (1) the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or

> (2) the offenses are the repeated commission of the same or similar offenses.

arising out of different transactions. Second, the basis of this Court's action in overruling that particular aspect of *Drake* was that the State had no authority to allege more than one offense in a single indictment and the trial court, therefore, was without the legal power to enter judgment and impose sentence for more than one offense. *Ex parte Broyles*, 759 S.W.2d 674 (Tex.Cr.App.1988). For these reasons we are compelled to reject the State's innovative theory.

The attempted capital murder concerning Barbara Brown being alleged first in the indictment, submitted first to the jury in the court's charge and the first verdict form provided to the jury, will be upheld and the attempted capital murder concern-ing Riley Tomlin dismissed. *Holcomb v. State*, 745 S.W.2d 903 (Tex.Cr.App.1988).

Accordingly, we reform the judgments of the court of appeals and the trial court to show a conviction and sentence for the attempted capital murder concerning Barbara Brown only. The judgment reflecting a conviction and sentence for attempted capital murder concerning Riley Tomlin will be vacated.

The judgment and sentence as reformed is affirmed.