**Ex parte Anthony Chris DRAKE.**

No. 71777.

Court of Criminal Appeals of Texas, En Banc.

Sept. 14, 1994.

Anthony Chris Drake, pro se.

John W. Segrest, Dist. Atty., and Susan Kelly and Alan Bennett, Asst. Dist. Attys., Waco, Robert Huttash, State's Atty., Austin, for the State.

*OPINION*

BAIRD, Judge.

A jury convicted applicant of two counts of attempted capital murder, Tex.Penal Code

Ann. § 15.01(a), and § 19.03, and assessed punishment at twenty-five years confinement on each count. The trial judge ordered the sentences to run consecutively. Tex.Penal Code Ann. § 12.32. The Court of Appeals affirmed. *Drake v. State,* No. 10–83–057–CR (Tex.App.—Waco, delivered December 22, 1983) (not published). On petition for discretionary review, we affirmed the judgment of the Court of Appeals in *Drake v. State,* 686 S.W.2d 935 (Tex.Cr.App.1985) (plurality opinion). However, we subsequently overruled *Drake* in *Fortune v. State,* 745 S.W.2d 364, 370 (Tex.Cr.App.1988). In this application for writ of habeas corpus filed pursuant to Tex.Code Crim.Proc.Ann. art. 11.07, applicant seeks to have one of the convictions set aside contending the two offenses were improperly joined in the same indictment. For the following reasons, we will grant the requested relief.

### I.

Applicant was convicted of two separate counts of attempted capital murder. A single indictment alleged each count in a separate paragraph and further alleged the offenses were committed as part of the same criminal transaction. A plurality of this Court held it was error to allege both offenses in a single indictment regardless of whether the offenses arose out of the same or different criminal transactions. *Drake,* 686 S.W.2d at 944. Nonetheless, we concluded that because the Court of Appeals held the offenses arose from different criminal transactions, applicant waived his complaint by failing to object to the misjoinder of the offenses.[1] *Id.,* at 944–945.

In *Ex parte Siller,* 686 S.W.2d 617 (Tex.Cr. App.1985), handed down the same day as *Drake,* we held it was fundamental error for the State to obtain multiple convictions for non-property offenses alleged in two or more counts in a single indictment. Thus, because the State was not authorized to obtain more than one conviction from the indictment against Siller, Siller's conviction for the second alleged offense was void. *Siller,* 686 S.W.2d at 620.

In *Fortune v. State,* 745 S.W.2d 364 (Tex. Cr.App.1988), we rejected the *Drake* plurality's distinction between joinder of offenses arising from the same and from different criminal transactions. Acknowledging that the source of the error in *Drake* was the same as that in *Siller,* i.e., that the State lacked the authority to obtain multiple convictions from a single indictment, we overruled *Drake,* holding that any conviction in excess of one per indictment would be void, regardless of whether the offenses occurred in the same or different transactions.[2] *Fortune,* 745 S.W.2d at 369–370. Thus, a defendant was not required to object to misjoinder at trial because a void conviction is challengeable at any stage of the proceedings. *Id.,* (citing *Jones v. State,* 622 S.W.2d 109 (Tex. Cr.App.1981), *and, Keegan v. State,* 618 S.W.2d 54 (Tex.Cr.App.1981)). *See also, Johnson v. State,* 784 S.W.2d 47, 48–49 (Tex. Cr.App.1990), *and, Holcomb v. State,* 745 S.W.2d 903, 906–908 (Tex.Cr.App.1988).

### II.

The threshold question in the instant case is whether this issue is cognizable under an art. 11.07 post-conviction application for writ of habeas corpus. In *Ex parte Pena,* 820 S.W.2d 806, 807 n. 2 (Tex.Cr.App.1991), we answered that question in the affirmative and held that multiple convictions resulting from the misjoinder of two non-property offenses in an indictment may be challenged on habeas corpus. *See also, Ex parte Cravens,* 805 S.W.2d 790 (Tex.Cr.App.1991), *Ex parte*

---

1. As opposed to the misjoinder of offenses arising from *different* criminal transactions, which required an objection or the error was waived, a complaint concerning misjoined offenses arising from the same criminal transaction could not be waived by failing to object. *Drake,* 686 S.W.2d at 944. The plurality explained that since there is essentially "only one resultant offense of which the accused may be convicted and for which one may be punished" when multiple offenses arise from the *same* transaction, an objection to mis-

joined offenses would be unnecessary because the trial judge would be " 'without legal authority' to enter judgment and impose sentence for more than one offense." *Id.* (quoting *Ex parte Easley,* 490 S.W.2d 570, 571 (Tex.Cr.App.1972)).

2. Judge Teague initially noted the inconsistency between *Drake* and *Siller* and suggested *Drake* be overruled. *Siller,* 686 S.W.2d at 622 (Teague, J., concurring).

*Broyles,* 759 S.W.2d 674 (Tex.Cr.App.1988), *and, Ex parte Siller, supra.* Consequently, we must next determine whether applicant is entitled to relief.

 Habeas corpus is an extraordinary remedy and, consequently, is available only when there is no other adequate remedy at law. *Ex parte Groves,* 571 S.W.2d 888, 889 (Tex.Cr.App.1978), *and, Ex parte Wilcox,* 128 Tex.Cr.R. 146, 79 S.W.2d 321 (Tex.Cr.App. 1935). *See also, Ex parte Rathmell,* 717 S.W.2d 33, 49 (Tex.Cr.App.1986) (Onion, P.J., dissenting). Because of the unique nature of the remedy, habeas corpus relief is underscored by elements of fairness and equity. *See, Ex parte Eureste,* 725 S.W.2d 214, 217 (Tex.Cr.App.1987) (Clinton, J., dissenting). As a general rule, a post-conviction writ of habeas corpus is reserved for those instances in which there was a jurisdictional defect in the trial court which renders the judgment void or for denials of fundamental or constitutional rights. *State ex rel. Holmes v. Third Court of App.,* 885 S.W.2d 389, 397 (Tex.Cr.App.1994); *Ex parte Sadberry,* 864 S.W.2d 541, 542 (Tex.Cr.App.1993); *and, Ex parte Goodman,* 816 S.W.2d 383, 385 (Tex. Cr.App.1991).

 The State contends consideration of this issue is precluded by our decision in *Drake, supra.* Although habeas corpus should generally not be used to re-litigate matters which were addressed on appeal, *Ex parte Schuessler,* 846 S.W.2d 850, 852, n. 6 (Tex.Cr.App.1993), a previously litigated issue is subject to collateral attack where our prior judgment is subsequently rendered void or where we have decided to apply relief retroactively after a subsequent change in the law. *See, id., and, Ex parte Stuart,* 653 S.W.2d 13 (Tex.Cr.App.1983).

In *Ex parte Schuessler,* we granted habeas relief because Schuessler's original conviction was subsequently held to be void. Following his conviction for murder, the Court of Appeals reversed Schuessler's conviction and remanded for a new trial on the ground that the jury's rejection of Schuessler's insanity defense was against the great weight and preponderance of the evidence. *Schuessler v. State,* 647 S.W.2d 742, 749 (Tex.App.—El Paso 1983). On the State's petition, we reversed the Court of Appeals, holding that Court erred by conducting a factual sufficiency review rather than a legal sufficiency review. *Schuessler v. State,* 719 S.W.2d 320, 321 (Tex.Cr.App.1986) (op. on reh'g). We then concluded the evidence was legally sufficient to support the jury's verdict of guilt. *Id.,* at 328–330. However, four years later, in *Meraz v. State,* 785 S.W.2d 146 (Tex.Cr. App.1990), we expressly overruled *Schuessler,* holding we had usurped the fact-finding jurisdiction of the courts of appeals in violation of the Texas Constitution. *Meraz,* 785 S.W.2d at 154–155.

Schuessler subsequently sought to reinstate the judgment of the Court of Appeals through a post-conviction writ of habeas corpus. *Ex parte Schuessler,* 846 S.W.2d 850. We initially noted that our opinion on discretionary review was not simply erroneous but *void* because we lacked the jurisdiction to review the court of appeals' evidentiary review. *Id.,* at 852. While Schuessler would not be entitled to relief from a prior decision which was subsequently determined to be erroneous, he would be entitled to relief from one which was subsequently determined to be void. *Id.* Consequently, because our opinion on discretionary review was void, we held that Schuessler was entitled to relief. *Id.,* at 853 (citing *Ex parte Kirby,* 626 S.W.2d 533, 534 (Tex.Cr.App.1981)).

Similarly, we have also granted habeas relief after rejecting similar claims on discretionary review and collateral attack. In *Ex parte Stuart,* 653 S.W.2d 13, the defendant challenged his conviction, and the prior convictions used to enhance it, through numerous applications for writ of habeas corpus. *Id.* At one point, we cited Stuart for abuse of the writ process. *Id.* Seven years after his conviction, Stuart again sought habeas relief, challenging the use of the prior convictions to enhance his sentence. *Id.,* at 14. We found that Stuart's claims had merit in light of changes in the law following our affirmance of his conviction. *Id.* We then held that under *Cooper v. State,* 631 S.W.2d 508 (Tex.Cr.App.1982), *and, Ex parte Augusta,* 639 S.W.2d 481 (Tex.Cr.App.1982), Stuart

was entitled to relief retroactively. *Id.*, 653 S.W.2d at 14–15.

Thus, it is readily apparent in light of *Schuessler* and *Stuart*, that previous litigation of an issue does not necessarily bar its reconsideration on habeas corpus. In *Fortune*, we made clear that the State had no authority to allege more than one offense in a single indictment and, therefore, the trial judge was without the legal power to enter judgments and impose sentence on more than one offense in a single indictment. *Fortune*, 745 S.W.2d at 370. *See also, Johnson*, 784 S.W.2d at 49–50. As a result, any conviction in excess of one per indictment was void. In *Ex parte Cravens*, 805 S.W.2d 790, *and, Ex parte Broyles,* 759 S.W.2d 674, we granted habeas relief retroactively to defendants whose multiple convictions for misjoined offenses became final prior to our decision in *Fortune.* Thus, applicant, like Cravens and Broyles, was improperly convicted of the second offense alleged in his indictment. Consequently, it would be unjust, considering our explicit rejection of *Drake,* to deny applicant relief while granting that same relief to Cravens and Broyles. Therefore, applicant is entitled to relief.

### III.

Accordingly, applicant is entitled to a dismissal of one of the offenses for which he was convicted. In *Ex parte Pena*, 820 S.W.2d 806, we adopted the "most serious offense" test to determine which offense to dismiss. *Id.,* at 809. However, in the instant case, both offenses for which applicant was convicted are the same, as are the punishments assessed. By contrast, in *Holcomb*, we noted that "in the majority of cases this Court has chosen [to uphold] the offense that the defendant was convicted of first." *Id.,* 745 S.W.2d at 908 (citing *Ex parte Ellison,* 699 S.W.2d 218 (Tex.Cr.App.1985), *and, Ex parte Siller,* supra). *See also, Broyles,* 759 S.W.2d at

**1.** Both *Schuessler* and *Purtell* cite *Ex parte Calvin,* 689 S.W.2d 460 (Tex.Cr.App.1985), as if it stood for the proposition that law of the case doctrine applies even in a post-conviction habeas corpus context. The style notwithstanding, careful study of *Ex parte Calvin* reveals that it does not remotely support this proposition.

675–676. Therefore, the judgment and sentence imposed under count two in Cause No. 82–313–C is vacated and set aside. The judgment, as reformed, shall reflect only a conviction for the offense alleged in count one, paragraph one of the indictment.

It is so ordered.

MEYERS, J., dissents.

CLINTON, Judge, concurring.

The State argues that applicant is not entitled to relief in this cause because the claim he raises was raised and rejected already on direct appeal. See *Drake v. State*, 686 S.W.2d 935 (Tex.Cr.App.1985). In my view the majority does not adequately address this contention. Although I join the judgment of the Court, I therefore write separately.

Twice in recent memory the Court has invoked the law of the case doctrine in the context of post-conviction habeas corpus. See *Ex parte Schuessler*, 846 S.W.2d 850, at 852, n. 7 (Tex.Cr.App.1993); *Ex parte Purtell*, 1994 WL 18209 (Tex.Cr.App., No. 71,515, delivered January 26, 1994) (Pending on motion for rehearing).[1] Given that a post-conviction habeas corpus is a collateral attack of an earlier conviction, and not the same "case" at all, I continue to fail to see the applicability of law of the case doctrine. I take this to be an imprecise expression of an otherwise valid intuition, a rough notion of judicial economy, a justifiable interest in the finality of litigation. But the Court would do better to incorporate its concerns about the finality of criminal litigation into its jurisprudence of the cognizability of matters in post-conviction habeas corpus in the first instance.

Today the Court simply chooses to ignore its recent holdings in *Schuessler* and *Purtell*, and does not even attempt to find an exception to its recently embraced doctrine of law of the case in post-conviction habeas corpus.[2]

**2.** The majority does liken this case to *Schuessler* and suggests that, because law of the case did not control there, it also does not control here. That is wrong. In *Schuessler* we held that law of the case did not come into play because this Court had lacked jurisdiction in the first instance to overturn the lower appellate court on petition for discretionary review. Surely a purported

How the Court, given its recent pronouncements, can grant relief in this cause without any discussion of law of the case and exceptions thereto escapes me. Because I reject any application of the doctrine at all in post-conviction habeas corpus, I need not look for an exception.

Over the past five years I have begun to develop a kind of uniform theory of cognizability of matters in post-conviction habeas corpus. I have suggested that cognizability ought to be limited to those matters, constitutional or statutory, that we would characterize, or, in our perception, the Legislature has characterized, as "so fundamental to the fair operation of the system as to be 1) immune from procedural default, 2) not subject to a harm analysis, and 3) fully retroactive in application." *Ex parte Sadberry*, 864 S.W.2d 541, at 545 (Tex.Cr.App.1993) (Clinton, J., dissenting).[3] Our interest in rectifying any defect in a prior proceeding that is "fundamental" in this sense is sufficient to defeat the State's otherwise legitimate interest in the finality of its convictions.[4] Any appellate court failing to reverse a conviction on the basis of such a genuinely "fundamental" defect will, from the vantage of post-conviction habeas review, invariably appear to be "clearly erroneous." See *Ex parte Granger*, 850 S.W.2d 513, at 523 (Tex.Cr.App.1993) (Clinton, J., dissenting). This is

true even though the defect may not have been recognized by the courts until after the appeal, since we have said the matter, to be cognizable in post-conviction habeas corpus in the first place, must be fully retroactive.[5] To apply the doctrine of law of the case under these circumstances would be absurdly redundant because the result will always be the same, *viz:* the habeas applicant will obtain relief anyway under an exception to that doctrine, because the appellate court that denied it to him "clearly erred" to do so. See *Ex parte Granger*, supra.

In *Fortune v. State*, 745 S.W.2d 364 (Tex. Cr.App.1988), the Court held that more than one conviction from a single indictment would be void for lack of authority to plead more than one offense in a single indictment.[6] We held that such an error was not subject to procedural default; that it was "fundamental" at least in that sense. Moreover, we did not conduct a harm analysis before rectifying the error. Although we did not address the question whether the overruling of *Drake v. State*, 686 S.W.2d 935 (Tex.Cr.App.1985) would have retroactive effect,[7] the quasi-jurisdictional nature of the defect, and characterization of the superfluous conviction as "void," certainly suggests an intention to reach back and nullify any conviction thus erroneously obtained. Accordingly, the Court in this cause should

opinion from this Court in a context in which we lacked jurisdiction could not be interposed as law of the case so as to prevent further post-conviction review, and we held as much in *Schuessler*. (In doing so, we also suggested that law of the case ordinarily *does* apply in post-conviction habeas review—a mistake, in my view, and one the Court later duplicated in *Purtell*.) By contrast, this Court did not lack jurisdiction to decide *Drake v. State*, supra. Nothing in the reasoning in *Schuessler* justifies exempting applicant from the law of the case effect (if any) of this Court's prior appellate review of his present contention.

3. "I would also adopt a doctrine of excuses, entertaining any federal constitutional claim recognized as of the time of trial but for which a record could not have been made, despite due diligence of the accused, in time to preserve the error for direct appeal." *Id.* By definition, a claim brought on habeas corpus under this doctrine of excuses would not involve retroactive application of changes or new rules of law of a non-fundamental nature.

4. On the flipside, any claimed defect less than "fundamental" in this sense is insufficient to defeat the State's finality interest, and is not, therefore, cognizable in post-conviction habeas corpus—unless it can be brought under the limited doctrine of excuses. See n. 3, *ante*.

5. In the case of a statutory requirement, belated recognition of its "absolute" or "fundamental" nature, see *Ex parte Sadberry*, supra, at 545, would be retroactive to its effective date.

6. It is unclear whether this holding emanates from the Court's interpretation of Article 21.24, V.A.C.C.P., or from "the old common law doctrine of one conviction per indictment." 745 S.W.2d at 368.

7. That is to say, whether our re-interpretation of Article 21.24, supra, if that is what *Fortune* proceeds upon, see n. 6, *ante*, would be applied to all cases tried after the effective date of that provision, including Drake's. See n. 5, *ante*.

simply recognize that a claim brought under *Fortune* is cognizable in Article 11.07 post-conviction application for writ of habeas corpus, and, finding applicant has adequately pled such a claim, and proved it to our satisfaction, grant relief.

Because that is basically what the Court does today, I concur in the result.

WHITE, J., joins this opinion.

McCORMICK, Presiding Judge, dissenting.

I dissent for the reasons set out in Judge Campbell's dissenting opinion in *Fortune v. State*, 745 S.W.2d 364, 371–72 (Tex.Cr.App. 1988) (Campbell, J., dissenting).