

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. WR-16,370-02

---

### EX PARTE WILL DONNELL SIMMONS, Applicant

---

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W91-00848-I(A) IN CRIMINAL DISTRICT COURT NO. 2
### DALLAS COUNTY

---

KEASLER, J., filed a dissenting opinion in which KELLER, P.J., HERVEY and YEARY, JJ., joined.

### DISSENTING OPINION

We filed and set Simmons's application and called for briefing on three issues: (1) whether Simmons's improper-cumulation claim may be raised for the first time on habeas in light of *Ex parte Townsend*;[1] (2) whether Simmons's sentences were improperly cumulated; and (3) whether Simmons's sentences are void or illegal. As I understand its opinion, the Court answers these questions this way: *Townsend* does not apply, and therefore Simmons's claim may be brought for the first time on habeas because the sentence's

---

[1] 137 S.W.3d 79 (Tex. Crim. App. 2004).

cumulation order is now improper under *LaPorte v. State*[2] (issued four months after his convictions were affirmed on appeal). This case is much more complicated than the Court's opinion suggests. Because I harbor serious doubts about the cognizability of Simmons's claim and disagree with the Court's analysis of precedent, I dissent.

## I. Factual and Procedural Background

A jury convicted Will Simmons of aggravated sexual assault and aggravated robbery and assessed his punishment at confinement for life and forty years' confinement, respectively. Simmons was charged by separate indictments, but the two cases were tried in the same proceeding. The judge ordered that Simmons's life sentence began to run after the expiration of the forty-year confinement term for the aggravated robbery. Simmons appealed both convictions asserting three grounds unrelated to the judge's cumulation order. The court of appeals affirmed Simmons's judgment as modified.[3] Twenty-two years later, he filed this application for writ of habeas corpus.

## II. Cognizability of an Improper-Cumulation Claim

As an initial matter, it is not clear why a violation of Texas Penal Code § 3.03 is cognizable on habeas. In retrospect, it is a question this Court should have asked in earlier cases entertaining the merits of improper-cumulation claims on habeas corpus, and perhaps even in *Townsend* itself. "A writ of habeas corpus is available only for relief from

---

[2] 840 S.W.2d 412 (Tex. Crim. App. 1992).

[3] *Simmons v. State*, Nos. 05-91-00503-CR & 05-91-00504-CR, 1992 WL 32965 (Tex. App.—Dallas Feb. 11, 1992, pet. ref'd) (not designated for publication).

jurisdictional defects and violations of constitutional or fundamental rights."[4]  Section 3.03 in effect at the time of Simmons's conviction and appeal provided that, "When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, sentence for each for which he has been found guilty shall be pronounced.  Such sentences shall run concurrently."[5]  I am not aware of any constitutional right to have separate convictions run concurrently when tried in a single proceeding.[6]  In fact, current § 3.03 provides instances where sentences for specific offenses may run concurrently or consecutively.[7]  Our more recent precedents instruct that this claim is not cognizable.

In *Ex parte McCain*, this Court held that a violation of Code of Criminal Procedure Article 1.13(c) which states that the trial court must appoint counsel to a defendant before the defendant may waive a jury trial was not cognizable on habeas corpus.[8]  Although Article 1.13(c) was a mandatory statute, this Court held that the failure to appoint counsel before

---

[4]  *Ex parte McCain*, 67 S.W.3d 204, 207 (Tex. Crim. App. 2002) (citing, among other cases, *Ex parte Banks*, 769 S.W.2d 539, 540 (Tex. Crim. App. 1989).

[5]  TEX. PENAL CODE § 3.03 (West 1990).

[6]  *See generally Oregon v. Ice*, 555 U.S. 160 (2009) (holding that the Sixth Amendment does not prohibit State from seeking to run multiple sentences consecutively).

[7]  *See* TEX. PENAL CODE § 3.03(b) (West 2012).

[8]  *Ex parte McCain*, 67 S.W.3d at 206.

McCain's jury waiver did not encompass a fundamental or constitutional error.[9] While procedural errors or statutory violations may be reversible error on direct appeal, they are not fundamental or constitutional errors as a basis for relief on a writ of habeas corpus.[10] The *McCain* Court further noted that "most provisions in the Code of Criminal Procedure are 'mandatory' in that they state a trial court 'must' or 'shall' do something in a particular matter."[11] But this nonetheless does not elevate statutory violations to fundamental or constitutional errors reviewable on habeas corpus. Like McCain, Simmons's claim is based on a statutory violation rendering a merits review inappropriate.

### III. The Misinterpretation of *Ex parte Townsend*

Even if Simmons's claim is cognizable on habeas generally, the Court should not reach the merits of Simmons's claim. The Court recognizes that habeas corpus is only available for a claim if an applicant could not have brought the same claim on appeal, and therefore he is afforded no other adequate remedy at law.[12] Yet at the same time, the Court finds *Townsend*'s bar inapplicable and distinguishes *Townsend* on its facts from this case by independently reviewing the merits of Townsend's claim as if Townsend had raised a violation of § 3.03, even though Townsend claimed that his cumulation order violated Code

---

[9] *Id.* at 210.

[10] *Id.*

[11] *Id.*

[12] *Ante*, at 6, n.4.

of Criminal Procedure Article 42.08.[13]

I find the Court's attempt to distinguish *Townsend* based on its facts unpersuasive. *Townsend*'s rejection of the contention that "an improper stacking order claim may be brought for the first time in an application for a writ of habeas corpus"[14] could not be clearer. Moreover, there is nothing in *Townsend* that suggests its holding depended on an applicant's argument why a cumulation order is improper. *Townsend* specifically did not address the merits of Townsend's application. The Court's opinion ignores this even after acknowledging that the *Townsend* Court decided that Townsend had an opportunity to appeal the stacking order, but failed to do so.[15] While *Townsend* was decided over twelve years after Simmons's appeal concluded, its holding was hardly new. It was the law before Simmons's conviction[16] and is certainly the law today.[17] Simmons's improper-cumulation claim was available on appeal and should have been litigated there first.

The Court hangs its hat on the fact that *LaPorte* overruled previous law interpreting the cumulative punishment statute four months after Simmons's appeal concluded. The Court incorrectly assumes that *Townsend* requires that an applicant would have actually

---

[13] *Ex parte Townsend*, 137 S.W.3d at 80.

[14] *Id.* at 81.

[15] *Ante*, at 6.

[16] *Ex parte Banks*, 769 S.W.2d 539, 540 (Tex. Crim. App. 1989) ("The Great Writ should not be used in matters that should have been raised on appeal.").

[17] *Ex parte Moss*, 446 S.W.3d 786, 788–89 (Tex. Crim. App. 2014).

prevailed on appeal instead of just having the claim available on appeal. Cognizability has never turned on the likelihood of appellate success. The question is whether Simmons could have brought the claim on appeal. And Simmons had the same opportunity to challenge his cumulation order that LaPorte did.

The Court's declaration that "[a] violation of a statute invokes a defendant's due-process rights, a category-2 *Marin* right"[18] is jarring because it is unsupported as written.[19] Because *Townsend* in part relies on error preservation to determine cognizability (i.e., whether a claim could have been brought on appeal), I generally support the inclusion of *Marin* within our habeas corpus jurisprudence. But I cannot endorse this overly broad statement of law for several reasons. First, a statutory violation, especially of this sort, is not always a violation of a defendant's due process rights. Second, a statutory violation is not always a constitutional right immune from procedural default.[20] Third, because § 3.03 confers a *Marin* category-two right,[21] then Simmons's claim would not be subject to procedural default and would always be available on appeal absent an express, effective

---

[18] *Ante*, at 7 (referring to *Marin v. State*, 851 S.W.2d 275 (Tex. Crim. App. 1993)).

[19] *Cf. Ex parte McJunkins*, 954 S.W.2d 39, 40–41 (Tex. Crim. App. 1997) (op. on reh'g) (holding the rights conferred by Penal Code § 3.03 are waiver-only rights under *Marin*).

[20] *E.g., Ex parte Heilman*, 456 S.W.3d 159, 169 (Tex. Crim. App. 2015) (holding that a defendant may forfeit a statute-of-limitations violation); *Ex parte McCain*, 67 S.W.3d at 206.

[21] *Ex parte McJunkins*, 954 S.W.2d at 41.

waiver.  As a result, *Townsend* would require denying Simmons's claim.

### III.  Is *LaPorte* Retroactive?

I further understand the Court to give *LaPorte* retroactive effect, although this is not expressly stated in its opinion, nor do I recall this Court ever saying so in the past.  The Court's theory is that Simmons could not benefit from *LaPorte*'s holding that a "single criminal action" is no longer defined by whether the State provided the statutorily required notice.  Had Simmons addressed his cumulation complaint to the court of appeals and failed under *Caughorn*, he should have petitioned for this Court's review.  And had this Court refused his petition or ruled adversely, *Ex parte Drake* would have permitted a merits review of Simmons's improper-cumulation claim in light of our subsequent opinion in *LaPorte*.[22] For Simmons, however, *Drake* is unavailing.  He did not raise the issue in the appellate court, nor in this Court.  *Drake*'s concern of fairness does not apply here.  Unlike Drake, Simmons did not do all he could to remedy his allegedly improper cumulation order.  And unlike Drake, he was not merely a victim of the shifting sands of the law—denied relief under then-prevailing law, only for that law to be overruled shortly after his conviction was affirmed.  The Court does not attempt to explain why Simmons's claim is controlled by *LaPorte*'s holding that did not exist at the time of his trial and appeal.  Without any explanation why

---

[22] *See Ex parte Drake*, 883 S.W.2d 213, 215 (Tex. Crim. App. 1994) (holding "a previously litigated issue is subject to collateral attack where our prior judgment is subsequently rendered void or where we have decided to apply relief retroactively after a subsequent change in the law.").

*LaPorte* overcomes the usual presumption against retroactivity, I am unconvinced that it does.

The Court correctly disavows *LaPorte*'s language that sentences containing an improper cumulation order are void.[23]  Yet the Court apparently leaves intact *LaPorte*'s conclusion that a sentence containing an improper cumulation order may be raised at any time,[24] even for the first time on habeas.  Even more troubling is the Court's granting of relief: "While we disagree with [Simmons's] argument a nd past precedent that indicates that his sentence is void, we agree with the [S]tate and the trial court that the cumulation order was improper and should be deleted."[25]  So on what basis is the Court granting relief?

For the foregoing reasons, I dissent.

FILED: October 28, 2015

DO NOT PUBLISH

---

[23]  *Ante*, at 5.

[24]  *LaPorte*, 840 S.W.2d at 415 ("An improper cumulation order is, in essence, a void sentence, and such error cannot be waived. A defect which renders a sentence void may be raised at any time.").

[25]  *Ante*, at 9.