# Court of Appeals
## Tenth Appellate District of Texas

## 10-24-00281-CR

### Ex Parte Samuel Ukwuachu

On appeal from the
54th District Court of McLennan County, Texas
Judge Grant Kinsey, presiding
Trial Court Cause No. 2014-1202 C2A

JUSTICE HARRIS delivered the opinion of the Court.

## MEMORANDUM OPINION

Samuel Ukwuachu was convicted of sexual assault[1] and sentenced to eight years in prison. The trial court suspended the sentence and placed Ukwuachu on community supervision for 10 years. Ukwuachu timely filed a motion for new trial, which was denied. This Court affirmed his conviction. *See Ukwuachu v. State*, No. 10-15-00376-CR, 2022 Tex. App. Lexis 7284 (Tex. App.—Waco Sept. 28, 2022, no pet.) (not designated for publication).

Ukwuachu then filed an Application for Writ of Habeas Corpus with the trial court. Finding an evidentiary hearing was not required, the trial court

---

[1] There is no need to discuss the factual background of this offense.

denied relief on Ukwuachu's application and issued findings of fact and conclusions of law. Ukwuachu appeals the trial court's ruling, raising six issues for our review. We affirm the trial court's Order denying relief on Ukwuachu's Application for Writ of Habeas Corpus

## STANDARD OF REVIEW

Article 11.072 of our Code of Criminal Procedure "establishes the procedures for an application for a writ of habeas corpus in a felony or misdemeanor case in which the applicant seeks relief from an order or judgment of conviction ordering community supervision." TEX. CODE CRIM. PROC. art. 11.072 Sec. 1; *In re Sinclair*, 693 S.W.3d 346, 352 (Tex. Crim. App. 2024). An applicant for a writ of habeas corpus bears the burden of proving his claim by a preponderance of the evidence. *Ex parte Torres*, 483 S.W.3d 35, 43 (Tex. Crim. App. 2016). We presume the regularity of the trial court's judgment and underlying proceedings absent a showing to the contrary. *Ex parte Wilson*, 716 S.W.2d 953, 956 (Tex. Crim. App. 1986); *Brown v. State*, 917 S.W.2d 387, 390 (Tex. App.—Fort Worth 1996, pet. ref'd) (per curiam).

We review the trial court's denial of habeas relief for an abuse of discretion and review the evidence in the light most favorable to the trial court's ruling. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *Ex parte Falk*, 449 S.W.3d 500, 503 (Tex. App.—Waco 2014, pet. ref'd). A court

abuses its discretion if its decision lies outside the zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g); *Ex parte Wolf*, 296 S.W.3d 160, 166 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd).

In a post-conviction writ application filed pursuant to Article 11.072, the trial judge is the sole finder of fact. *Ex parte Torres*, 483 S.W.3d 35, 42 (Tex. Crim. App. 2016); *State v. Guerrero*, 400 S.W.3d 576, 583 (Tex. Crim. App. 2013). In this setting, we afford almost total deference to a trial court's factual findings when they are supported by the record, especially when those findings are based upon credibility and demeanor. *Id.* Pure questions of law and application-of-law-to-fact questions that do not turn on credibility and demeanor are reviewed *de novo*. *Ex parte Beck*, 541 S.W.3d 846, 852 (Tex. Crim. App. 2017).

**ENTITLEMENT TO HEARING**

In his first issue, Ukwuachu contends the trial court erred[2] in determining that an evidentiary hearing on his application was not required because there were no controverted previously unresolved facts material to the legality of Ukwuachu's confinement. In presenting error to this Court, an

---

[2] We note that this is the only issue in which Ukwuachu contends the trial court erred. In the remaining issues, Ukwuachu does not express any sort of error by the trial court. Due to our disposition of the remaining issues, we need not discuss the ramifications of this deficiency.

appellant's brief must contain "argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i); *Neville v. State*, 622 S.W.3d 99, 104 (Tex. App.—Waco 2020, no pet.). Ukwuachu cites to no legal authority to support his claim that the trial court erred.

Accordingly, Ukwuachu's issue is improperly briefed and presents nothing for review. *See id.*; *Solis v. State*, No. AP-77,109, 2025 Tex. Crim. App. LEXIS 795, at *35 (Crim. App. Oct. 30, 2025) (publish); *Lucio v. State*, 351 S.W.3d 878, 896 (Tex. Crim. App. 2011); *see also Neville*, 622 S.W.3d at 104. Issue I is overruled.

## FALSE TESTIMONY

In his second and third issues, Ukwuachu contends the State's use of "unsubstantiated" phone records during the cross examination of defense witnesses Ratu Peni Tagive and Morgan Reed violated Ukwuachu's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 19 of the Texas Constitution. Specifically, he claims that the use of the phone records constituted "false testimony."

The trial court determined that Ukwuachu was not entitled to relief because "these issues were presented and overruled on direct appeal, thus

precluding a reconsideration of these matters on habeas review."[3] Ukwuachu does not dispute the trial court's finding that these claims had been presented and overruled on direct appeal. Rather, Ukwuachu contends that the previous litigation of an issue does not necessarily bar reconsideration on habeas corpus. However, Ukwuachu fails to explain why his claims should have been reconsidered.

Generally, post-conviction habeas corpus review cannot be used to re-litigate matters which were, or could have been, addressed on direct appeal. *See Ex parte Beck*, 541 S.W.3d 846, 852 (Tex. Crim. App. 2017); *Ex parte Drake*, 883 S.W.2d 213, 215 (Tex. Crim. App. 1994). This is because claims that have already been raised and rejected are not cognizable on a post-conviction collateral attack. *See Ex parte Brown*, 205 S.W.3d 538, 546 (Tex. Crim. App. 2006); *see also Ex parte Acosta*, 672 S.W.2d 470, 472 (Tex. Crim. App. 1984). However, a previously litigated issue can be subject to collateral attack where a prior judgment is subsequently rendered void or where relief may be retroactively applied after a subsequent change in the law. *See Drake*, 883 S.W.2d at 215. Ukwuachu has not argued or even suggested that either of these exceptions apply to his claims.

Accordingly, the trial court did not err in determining that

---

[3] The Court of Criminal Appeals disposed of these claims in *Ukwuachu v. State*, 613 S.W.3d 149, 157-158 (Tex. Crim. App. 2020).

reconsideration of these two claims was precluded. Issues II and III are overruled.

**ABUSE OF GRAND JURY**

Next, Ukwuachu claims prosecutors abused the grand jury process to intimidate Tagive as a defense witness by threatening Tagive with charges of Aggravated Perjury if he testified at trial which violated Ukwuachu's rights under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 19 of the Texas Constitution. The trial court determined that this claim was also raised and rejected on direct appeal,[4] and denied relief on this claim because "habeas corpus should not be used to re-litigate matters which were addressed on appeal." Ukwuachu does not dispute this determination and again has not asserted an exception to the general rule of cognizability. *See Ex parte Beck*, 541 S.W.3d 846, 852 (Tex. Crim. App. 2017); *Ex parte Drake*, 883 S.W.2d 213, 215 (Tex. Crim. App. 1994).

Accordingly, the trial court did not err in denying this claim. Issue IV is overruled.

**PROSECUTORIAL MISCONDUCT**

In his fifth issue, Ukwuachu contends the "illegal use of the Grand Jury" and "the use of…unsubstantiated telephone records constituted prosecutorial

---

[4] *See Ukwuachu v. State*, No. 10-15-00376-CR, 2022 Tex. App. LEXIS 7284, *8-10 (Tex. App.—Waco Sep. 28, 2022, no pet.) (not designated for publication).

misconduct and violated [Ukwuachu's] due process rights...." Specifically, Ukwuachu complains that:

> [t]he prosecutor's reference to the contents of telephone records not in evidence, the improper questioning of witnesses by the prosecutor, and the illegal use of the grand jury to intimidate the defense witness, so infected the trial with unfairness as to make the resulting conviction a denial of due process.

Ukwuachu's argument regarding this issue consists of the citation of two cases: one for the proposition that "[a] prosecutor's reference to facts not in evidence in a manner that prejudices the defense may constitute reversible error. *See, e.g., Freeman v. State*, 340 S.W.3d 717, 728 (Tex. Crim. App. 2011);" the other for the proposition that "...improper prosecutorial questioning of witnesses may rise to the level of a due process violation. *See Greer v. Miller*, 483 U.S.756, 765 (1987)...." Those statements constitute Ukwuachu's entire argument. There is no application of the facts the trial court had before it to this particular law and no argument that this application would support a determination of prosecutorial misconduct rising to the level of a due process violation to such an extent that the trial court abused its discretion in holding otherwise.

Accordingly, this issue is inadequately briefed and presents nothing for review; we are under no obligation to make Ukwuachu's arguments for him. *See* TEX. R. APP. P. 38.1(i); *Lucio v. State*, 351 S.W.3d 878, 896-97 (Tex. Crim.

App. 2011); *Busby v. State*, 253 S.W.3d 661, 673 (Tex. Crim. App. 2008) (affirming that this Court has no obligation "to construct and compose" a party's "issues, facts, and arguments with appropriate citations to authorities and to the record" (internal quotes omitted)).  Issue V is overruled.

**INEFFECTIVE ASSISTANCE OF COUNSEL**

In his last issue, Ukwuachu contends his trial counsel rendered ineffective assistance in a number of instances.

Habeas applicants who seek relief based on ineffective assistance of counsel must demonstrate that (1) counsel's performance was deficient, in that it fell below an objective standard of reasonableness, and (2) the applicant was prejudiced as a result of counsel's errors, in that, but for those errors, there is a reasonable probability of a different outcome.  *Ex parte Torres*, 483 S.W.3d 35, 43 (Tex. Crim. App. 2016) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 693, 104 S. Ct. 2052, 2064, 2067-68, 80 L. Ed. 2d 674 (1984)).  If the applicant fails to make a showing under either prong, his claim for ineffective assistance must be denied.  *Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003); *In re Chitale*, Nos. 10-23-00148-CR, 10-23-00149-CR, 2024 Tex. App. LEXIS 6148, at *4 (Tex. App.—Waco Aug. 22, 2024, no pet.) (not designated for publication) (appeal of denial of art. 11.072 writ of habeas corpus application).

Ukwuachu notes some alleged failures of his trial counsel which he contends fell below an objective standard of reasonableness. However, this is where his analysis stops. He presents no analysis or argument as to whether he was prejudiced as a result of his trial counsel's alleged errors, meaning that, but for those errors, there was a reasonable probability of a different outcome. Accordingly, Ukwuachu failed to demonstrate the second prong of his ineffective assistance of counsel claim, and his issue on appeal must be denied. Issue VI is overruled.

**CONCLUSION**

Having overruled each issue on appeal, we affirm the trial court's Order denying relief on Ukwuachu's Application for Writ of Habeas Corpus.



LEE HARRIS
Justice

OPINION DELIVERED and FILED: December 18, 2025

Before Justice Smith,
    Justice Harris, and
    Justice Davis[5]
Affirmed
Do Not Publish
OT06

---

[5] The Honorable Rex Davis, Senior Justice (Retired) of the Tenth Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE §§ 74.003, 75.002, 75.003.