905 S.W.2d 367 (1995)
David Dean ANDERSON, Appellant,
v.
The STATE of Texas, State.
No. 2-94-394-CR.
Court of Appeals of Texas, Fort Worth.
August 10, 1995.
*368 Roger D. Shipman, Denton, for appellant.
Bruce Isaacks, District Attorney, Kathleen A. Walsh, Asst. Dist. Attorney, Paige McCormick, Asst. Dist. Attorney, Vicki Foster, Asst. Dist. Attorney, Denton, Robert Huttash, State Prosecuting Attorney, Austin, for appellee.
Before LIVINGSTON, DAUPHINOT and BRIGHAM, JJ.

OPINION
DAUPHINOT, Justice.
Appellant, David Dean Anderson, was convicted of five counts of aggravated sexual assault of a child and two counts of indecency with a child upon his plea of not guilty to a jury. Upon Appellant's plea of true to the enhancement paragraph, the jury assessed punishment at sixty years' confinement in the Institutional Division of the Texas Department of Criminal Justice and a $10,000 fine for each count of aggravated sexual assault, and thirty years' confinement and a $5,000 fine for each count of indecency with a child. Appellant raises two points of error complaining of improper joinder of pre-September 1, 1987 offenses and post-September 1, 1987 offenses, and complaining of the court's failure to sustain Appellant's objection to the State's voir dire. We affirm.
Appellant was charged in a single indictment with aggravated sexual assault and indecency with a child. The well written briefs and cogent arguments of both State and Appellant are appreciated by the court. The indictment is somewhat confusing and is, therefore, summarized as follows:

COUNT PARAGRAPH OFFENSE CHARGED DATE OF OFFENSE
 I 1 Indecency w/Child by Exposure March 1, 1987
 I 2 Indecency w/Child by Contact March 1, 1987
 I 3 Aggravated Sexual Assault March 1, 1987
 II 1 Indecency w/Child by Exposure March 30, 1987
 II 2 Indecency w/Child by Contact March 30, 1987
 II 3 Aggravated Sexual Assault March 30, 1987
III 1 Indecency w/Child by Exposure April 2, 1987
III 2 Indecency w/Child by Contact April 2, 1987
III 3 Aggravated Sexual Assault April 2, 1987
 IV 1 Indecency w/Child by Exposure March 30, 1988
 IV 2 Indecency w/Child by Contact March 30, 1988
 IV 3 Aggravated Sexual Assault March 30, 1988
 V 1 Indecency w/Child by Exposure March 30, 1989

*369
 V 2 Indecency w/Child by Contact March 30, 1989
 V 3 Aggravated Sexual Assault March 30, 1989
 VI 1 Indecency w/Child by Contact August 31, 1989
VII 1 Indecency w/Child by Exposure July 5, 1990
VII 2 Indecency w/Child by Contact July 5, 1990
VII 3 Aggravated Sexual Assault July 5, 1990

The indictment also contained an enhancement paragraph alleging a 1976 conviction for murder. At the close of the State's case-in-chief, the State withdrew paragraph three of Count VII (aggravated sexual assault). After both sides had rested and closed, the State withdrew paragraphs 1 and 2 of Counts I, II, III, IV, and V, as well as paragraph 1 of Count VII of the indictment. Appellant objected to the State's withdrawing those paragraphs, and his objection was overruled.
The first three counts in the indictment alleged offenses committed prior to September 1, 1987. The State concedes these offenses were improperly joined in one indictment.[1]See Johnson v. State, 784 S.W.2d 47, 49 (Tex.Crim.App.1990). However, Appellant made no objection at trial to the misjoinder. Article 1.14(b) of the Code of Criminal Procedure requires that a defendant object to a defect, error, or irregularity of form or substance in an indictment before the date on which the trial on the merits begins. TEX.CODE CRIM.PROC.ANN. art. 1.14(b) (Vernon Supp.1995). Failure to object constitutes waiver of the error, and the error may not be raised for the first time on appeal or in a collateral attack. Article 1.14(b) is a procedural mandate. Id. Because this provision became effective December 1, 1985, it controlled at the time of trial in July, 1994. See Wade v. State, 572 S.W.2d 533, 534 (Tex.Crim.App. [Panel Op.] 1978); Hardeman v. State, 552 S.W.2d 433, 438 (Tex.Crim.App.1977). See also Tex.Gov't Code Ann. § 311.022 (Vernon 1988) (statute presumed to be prospective). The propriety of joinder of offenses, however, is governed by the law in effect at the time the offenses were committed. See TEX.PENAL CODE ANN. § 3.01 historical note (Vernon 1994) [Act of September 1, 1987, 70th Leg., R.S., ch. 387, § 1, 1987 Tex.Gen.Laws 386].
The question, then, is whether the misjoinder constitutes error of such fundamental nature that it calls for review when raised at any time, or whether it is error subject to the mandate of article 1.14(b). Appellant relies on Johnson v. State, 784 S.W.2d 47 (Tex.Crim.App.1990) and Fortune v. State, 745 S.W.2d 364 (Tex.Crim.App. 1988), pointing out that the Court of Criminal Appeals has held that no objection to misjoinder is necessary prior to trial since misjoinder is fundamental error requiring no objection. Johnson and Fortune, however, both deal with indictments returned prior to the effective date of article 1.14(b).
The Austin Court of Appeals has addressed the application of article 1.14(b) to misjoinder of offenses committed before September 1, 1987, and has found that objection prior to trial is required. Nolte v. State, 854 S.W.2d 304, 307-08 (Tex.App.Austin 1993, pet. ref'd). The Court of Criminal Appeals has recently addressed the applicability of article 1.14(b) to offenses apparently barred by the statute of limitations. The court held *370 that article 1.14(b) does mandate a motion to quash when complaining an offense is so barred. State v. Turner, 898 S.W.2d 303, 305-06 (Tex.Crim.App.1995). Although the defect discussed in Turner was a defect of substance specifically listed in article 27.08 of the Code of Criminal Procedure, the lists contained in articles 27.08 and 27.09 are merely representative and not exhaustive as applied to article 1.14(b). Id.
In Studer v. State, 799 S.W.2d 263 (Tex. Crim.App.1990), the Court of Criminal Appeals discussed both article 1.14(b) and the constitutional amendment that permitted the legislature to enact that statute. Tex. Const. art. V, § 12b now provides that the practice and procedures relating to the use of indictments, including their contents, sufficiency, and requisites, are as provided by law. In 1985, the legislature then enacted article 1.14(b). The Court of Criminal Appeals discussed the motivation which prompted the legislature to act, stating:
Clearly both the House and Senate believed that all defects in a charging instrument were waived if not raised by a defendant before trial. Clearly the perceived evil they were correcting was the raising of indictment defects for the first time after a trial and conviction and the subsequent reversal of that conviction because of that defect.
Studer, 799 S.W.2d at 270-71.
We hold that article 1.14(b) now requires objection to preserve the error of misjoinder. Failure to object prior to trial waives the error. Appellant's first point of error is overruled.
In his second point of error, Appellant complains of the following statements at voir dire. "Can everyone promise me that you'll listen to why a child would wait [to make outcry], if that's the evidence in this case?" Appellant objected: "Your Honor, I would object to the District Attorney getting the jurors to promise her anything at this point in the trial. I think that's trying to make a contract with the jury, and it's not permissible, not proper voir dire examination."
The court instructed the jury that it could not be contracted by either the State or the defense as to what the jury's decision would be. The court further instructed the jury that both parties wanted the jurors to agree that they would render a fair and equitable decision, if requested to do so, and in accordance with the law. Appellant's objection was overruled. Appellant contends the court allowed the jury to consider the question of why a child would wait to make outcry and the answer to that question. The Appellant then contends that by its question, the State was requiring the prospective jurors to commit themselves to a specific resolution of factual issues in the case. We do not agree.
The question very clearly asked the jury to promise they would listen to the evidence. The State did not ask the jury to commit themselves to consider the testimony in a particular way or to give it particular weight. See Hughes v. State, 562 S.W.2d 857, 862 (Tex.Crim.App.), cert. denied, 439 U.S. 903, 99 S.Ct. 268, 58 L.Ed.2d 250 (1978); Postell v. State, 663 S.W.2d 552, 555 (Tex. App.Houston [1st Dist.] 1983), aff'd, 693 S.W.2d 462 (Tex.Crim.App.1985). Both sides are entitled to jurors who have not made up their minds about the issues in the case. Both sides are entitled to jurors who will listen fairly to the evidence and make their decision after they have heard the testimony, not before. The question was proper inquiry for voir dire. Appellant's second point of error is overruled.
The judgment of the trial court is affirmed.
NOTES
[1] Article 21.24(a) of the Code of Criminal Procedure provides that two or more offenses may be joined in a single indictment if the offenses arise out of the same criminal episode as defined in chapter 3 of the Penal Code. Prior to September 1, 1987, criminal episode meant the repeated commission of any one offense defined in title 7 of the Penal Code, i.e., offenses against property. Effective September 1, 1987, the definition of criminal episode was changed and now "criminal episode" means the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, under the following:

(1) the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or
(2) the offenses are the repeated commission of the same or similar offenses.
TEX.PENAL CODE ANN. § 3.01 (Vernon 1994).