IN THE MATTER OF D.L.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-008-CV

IN THE MATTER OF D.L. 

------------

FROM THE 323
RD
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

D.L. appeals from the trial court’s judgment of delinquency and commitment order.  We affirm.

FACTS

On December 2, 2002, the Fort Worth Police Department placed  D.L. in custody for the charge of assault of a public servant.  
See
 
Tex. Penal Code Ann.
 § 22.01(b)(1) (Vernon Supp. 2004).  That day, D.L. was at Chisholm Trail Intermediate School when he became disruptive and began yelling profanity at the teacher and throwing furniture.  The teacher moved the other students out of the room for fear of their safety.  D.L. hit a box, that in turn hit a partition, knocking it over onto the teacher and injuring her back and neck. 

The State filed a delinquency petition alleging the offense of assault of a public servant.  On December 11, 2002, D.L. appeared
, along with his mother,
 at an uncontested hearing before the trial judge.  The State waived paragraph one of the petition and stipulated the evidence in support of paragraph two.   D.L. waived the right to a hearing before a district judge and went before an associate judge.  After hearing testimony, the trial court adjudicated D.L. delinquent for the offense of assault on a public servant.
(footnote: 2)  D.L.’s mother did not attend the disposition hearing, but D.L. was represented by counsel, who was also appointed as guardian ad litem.
  The trial court committed D.L. to the care of the Texas Youth Commission for an indeterminate period of time.

ANDERS
 BRIEF 

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel states that he submits the brief in compliance with the requirements of
 Anders v. California, 
386 U.S. 738, 87 S. Ct. 1396 (1967).  Counsel’s brief meets the requirements of 
Anders
 by presenting a professional evaluation of the record demonstrating why no arguable grounds for relief exist.  
A copy of the brief was delivered to appellant, and appellant's attorney advised him of his right to examine the appellate record and to file a pro se brief.  Appellant failed to do so.

Once an appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders,
 this court is obligated to undertake an independent examination of the record and to essentially rebrief the case for the appellant to see if any arguable ground may be raised on the appellant’s behalf.  
See Stafford v. State,
 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).
 
 We have reviewed the record in its entirety and have found that there is no reversible error.

DISCUSSION

This appeal stems from a guilty plea.  The record reflects that appellant was properly admonished and made a judicial confession to the offense contained in the second paragraph of the petition, stipulating all the evidence to support the judgment.  Moreover, the trial court had jurisdiction to hear the case and venue was proper in Tarrant County because the conduct occurred in that county.  The petition conforms to the requirements of family code section 53.04 and appellant received notice of his adjudication hearing.  
Tex. Fam. Code Ann.
 §§ 53.04, 53.07 (Vernon 2002).  Appellant’s waiver of rights complied with Texas Family Code section 51.09.  
Id. 
§ 51.09.  Appellant was represented by counsel who was also appointed guardian ad litem.  The trial court’s commitment order complies with the statutory requirements of Texas Family Code section 54.04(i)(1).  
Id. 
§ 54.04(i)(1) (Vernon Supp. 2004).  

Appellant’s appointed counsel has identified four possible areas that “might arguably” support an appeal.  The first is that D.L.’s parents did not attend the disposition hearing.  Texas Family Code section 51.115 requires that “[e]ach parent of a child, each managing and possessory conservator of a child, each court-appointed custodian of a child, and a guardian of the person of the child shall attend each hearing affecting the child.”  
Id. 
§ 51.115(a).  However, if a person required to attend under section 51.115 fails to attend a hearing, the juvenile court may proceed with the hearing.  
Id. 
§ 51.115 (c).  
Here, appellant’s mother received notice of the hearing, however, she chose not to attend.  The trial court appointed a guardian ad litem at the disposition hearing to protect D.L.’s rights.  Trial counsel did not object to the mother’s absence.  We can discern no error regarding this issue.

Second, appellant points out that jurisdiction may be an issue because, in the clerk’s record, a copy of the petition was not attached to the citation as required by family code section 53.06(b).  
Id.
 § 53.06(b).  However, the return of the citation contains a certification by the process server that the petition was attached to the citation.  Therefore, there is no jurisdictional defect.

Third, appellant notes that the indictment alleged that appellant “pushed a wall partition” while the teacher stood next to it, causing bodily injury to the teacher.  However, at the adjudication hearing, appellant corrected the facts of the allegation, stating that he struck a cardboard box that was leaning against the partition, not the partition itself.  This is why he stipulated to the reckless paragraph in the petition and not the intentionally or knowingly paragraph.  

Article 21.15 of the code of criminal procedure requires that a charging instrument allege with reasonable certainty the acts relied upon to constitute the forbidden conduct committed with recklessness or criminal negligence.
  Tex. Code Crim. Proc. Ann. 
art. 21.15 (Vernon 1989).
  Failure of a charging instrument to allege such acts gives the accused grounds to complain of adequate “notice” by pretrial exception.  
Graham v. State
, 657 S.W.2d 99, 104 (Tex. Crim. App. 1983).  However, if the defendant does not object to a defect in an indictment before the date on which the trial commences, he waives the right to object to the defect and he may not raise the objection on appeal or in any other postconviction proceeding.  
Tex. Code. Crim. Proc. Ann. 
art 1.14 (Vernon Supp. 2004);
 Anderson v. State
, 905 S.W.2d 367, 369 (Tex. App.—Fort Worth 1995, pet. ref'd) (requiring that defendant object to defect, error, or irregularity of form or substance in indictment before date on which trial on merits begins; failure to object constitutes waiver of error; and error may not be raised for first time on appeal or in collateral attack).  Here, appellant made no objections and failed to preserve error under code of criminal procedure article 1.14.  
Tex. Code. Crim. Proc. Ann. 
art 1.14.  Consequently, he may not complain of it on appeal.  

Lastly, appellant’s counsel indicates that there may be an argument for factually insufficient evidence to support the trial court’s commitment order.  The family code requires that if the trial court commits a child to the Texas Youth Commission, the court shall include in its determination that:

(A) it is in the child's best interests to be placed outside the child's home;

(B) reasonable efforts were made to prevent or eliminate the need for the child's removal from the home and to make it possible for the child to return to the child's home;  and

C) the child, in the child's home, cannot be provided the quality of care and level of support and supervision that the child needs to meet the conditions of probation.

Tex. Fam. Code Ann.
 § 54.04(i)(1)(A)-(C). 

The trial court included all of the required elements in its commitment order dated December 23, 2002.  However, appellant points to the fact that no live testimony was presented at the disposition hearing and that the trial judge relied upon the social history and psychological evaluation for its determination of punishment.  This argument is frivolous because these documents, along with the appellant’s request that he be placed outside the home were properly considered by the trial court in making its determination and provide factually sufficient evidence to support the order.

CONCLUSION
 

Our independent review of the record compels us to agree with counsel’s professional determination that an appeal of appellant’s delinquency adjudication and commitment order would be frivolous.  Accordingly, we grant counsel’s motion to withdraw and affirm the trial court’s judgment.

PER CURIAM

PANEL F: LIVINGSTON, HOLMAN, and GARDNER, JJ.

DELIVERED:  April 8, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P. 47.4
.

2:
The offense alleged in paragraph two of the petition.