COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-008-CV
  
  
IN THE MATTER OF D.L.
  
   
------------
 
FROM THE 323RD 
DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        D.L. 
appeals from the trial court’s judgment of delinquency and commitment order. 
We affirm.
FACTS
        On 
December 2, 2002, the Fort Worth Police Department placed D.L. in custody for 
the charge of assault of a public servant. See Tex. Penal Code Ann. § 22.01(b)(1) (Vernon Supp. 
2004). That day, D.L. was at Chisholm Trail Intermediate School when he became 
disruptive and began yelling profanity at the teacher and throwing furniture. 
The teacher moved the other students out of the room for fear of their safety. 
D.L. hit a box, that in turn hit a partition, knocking it over onto the teacher 
and injuring her back and neck.
        The 
State filed a delinquency petition alleging the offense of assault of a public 
servant. On December 11, 2002, D.L. appeared, along with his mother, at an 
uncontested hearing before the trial judge. The State waived paragraph one of 
the petition and stipulated the evidence in support of paragraph two. D.L. 
waived the right to a hearing before a district judge and went before an 
associate judge. After hearing testimony, the trial court adjudicated D.L. 
delinquent for the offense of assault on a public servant.[2]  
D.L.’s mother did not attend the disposition hearing, but D.L. was represented 
by counsel, who was also appointed as guardian ad litem. The trial court 
committed D.L. to the care of the Texas Youth Commission for an indeterminate 
period of time.
ANDERS BRIEF
        Appellant’s 
court-appointed appellate counsel has filed a motion to withdraw as counsel and 
a brief in support of that motion. In the brief, counsel states that he submits 
the brief in compliance with the requirements of Anders v. California, 
386 U.S. 738, 87 S. Ct. 1396 (1967). Counsel’s brief meets the requirements of 
Anders by presenting a professional evaluation of the record 
demonstrating why no arguable grounds for relief exist. A copy of the brief was 
delivered to appellant, and appellant's attorney advised him of his right to 
examine the appellate record and to file a pro se brief. Appellant failed to do 
so.
        Once 
an appellant’s court-appointed counsel files a motion to withdraw on the 
ground that the appeal is frivolous and fulfills the requirements of Anders, 
this court is obligated to undertake an independent examination of the record 
and to essentially rebrief the case for the appellant to see if any arguable 
ground may be raised on the appellant’s behalf. See Stafford v. State, 
813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have reviewed the record in its 
entirety and have found that there is no reversible error.
DISCUSSION
        This 
appeal stems from a guilty plea. The record reflects that appellant was properly 
admonished and made a judicial confession to the offense contained in the second 
paragraph of the petition, stipulating all the evidence to support the judgment. 
Moreover, the trial court had jurisdiction to hear the case and venue was proper 
in Tarrant County because the conduct occurred in that county. The petition 
conforms to the requirements of family code section 53.04 and appellant received 
notice of his adjudication hearing. Tex. Fam. Code Ann. §§ 53.04, 53.07 (Vernon 
2002). Appellant’s waiver of rights complied with Texas Family Code section 
51.09. Id. § 51.09. Appellant was represented by counsel who was also 
appointed guardian ad litem. The trial court’s commitment order complies with 
the statutory requirements of Texas Family Code section 54.04(i)(1). Id. 
§ 54.04(i)(1) (Vernon Supp. 2004).
        Appellant’s 
appointed counsel has identified four possible areas that “might arguably” 
support an appeal. The first is that D.L.’s parents did not attend the 
disposition hearing. Texas Family Code section 51.115 requires that “[e]ach 
parent of a child, each managing and possessory conservator of a child, each 
court-appointed custodian of a child, and a guardian of the person of the child 
shall attend each hearing affecting the child.” Id. § 51.115(a). 
However, if a person required to attend under section 51.115 fails to attend a 
hearing, the juvenile court may proceed with the hearing. Id. § 51.115 
(c). Here, appellant’s mother received notice of the hearing, however, she 
chose not to attend. The trial court appointed a guardian ad litem at the 
disposition hearing to protect D.L.’s rights. Trial counsel did not object to 
the mother’s absence. We can discern no error regarding this issue.
        Second, 
appellant points out that jurisdiction may be an issue because, in the clerk’s 
record, a copy of the petition was not attached to the citation as required by 
family code section 53.06(b). Id. § 53.06(b). However, the return of the 
citation contains a certification by the process server that the petition was 
attached to the citation. Therefore, there is no jurisdictional defect.
        Third, 
appellant notes that the indictment alleged that appellant “pushed a wall 
partition” while the teacher stood next to it, causing bodily injury to the 
teacher. However, at the adjudication hearing, appellant corrected the facts of 
the allegation, stating that he struck a cardboard box that was leaning against 
the partition, not the partition itself. This is why he stipulated to the 
reckless paragraph in the petition and not the intentionally or knowingly 
paragraph.
        Article 
21.15 of the code of criminal procedure requires that a charging instrument 
allege with reasonable certainty the acts relied upon to constitute the 
forbidden conduct committed with recklessness or criminal negligence. Tex. Code Crim. Proc. Ann. art. 21.15 (Vernon 1989). 
Failure of a charging instrument to allege such acts gives the accused grounds 
to complain of adequate “notice” by pretrial exception. Graham v. State, 
657 S.W.2d 99, 104 (Tex. Crim. App. 1983). However, if the defendant does not 
object to a defect in an indictment before the date on which the trial 
commences, he waives the right to object to the defect and he may not raise the 
objection on appeal or in any other postconviction proceeding. Tex. Code Crim. Proc. Ann. art 1.14 (Vernon Supp. 2004); 
Anderson v. State, 905 S.W.2d 367, 369 (Tex. App.—Fort Worth 1995, pet. 
ref'd) (requiring that defendant object to defect, error, or irregularity of 
form or substance in indictment before date on which trial on merits begins; 
failure to object constitutes waiver of error; and error may not be raised for 
first time on appeal or in collateral attack). Here, appellant made no 
objections and failed to preserve error under code of criminal procedure article 
1.14. Tex. Code Crim. Proc. Ann. art 1.14. Consequently, he 
may not complain of it on appeal.
        Lastly, 
appellant’s counsel indicates that there may be an argument for factually 
insufficient evidence to support the trial court’s commitment order. The 
family code requires that if the trial court commits a child to the Texas Youth 
Commission, the court shall include in its determination that:
  
(A) it is in the child's best 
interests to be placed outside the child's home;
(B) reasonable efforts were 
made to prevent or eliminate the need for the child's removal from the home and 
to make it possible for the child to return to the child's home; and
C) the child, in the child's 
home, cannot be provided the quality of care and level of support and 
supervision that the child needs to meet the conditions of probation.

 
Tex. Fam. Code Ann. § 54.04(i)(1)(A)-(C).
        The 
trial court included all of the required elements in its commitment order dated 
December 23, 2002. However, appellant points to the fact that no live testimony 
was presented at the disposition hearing and that the trial judge relied upon 
the social history and psychological evaluation for its determination of 
punishment. This argument is frivolous because these documents, along with the 
appellant’s request that he be placed outside the home were properly 
considered by the trial court in making its determination and provide factually 
sufficient evidence to support the order.
CONCLUSION
        Our 
independent review of the record compels us to agree with counsel’s 
professional determination that an appeal of appellant’s delinquency 
adjudication and commitment order would be frivolous. Accordingly, we grant 
counsel’s motion to withdraw and affirm the trial court’s judgment.
 
  
                                                                  PER 
CURIAM
  
 
PANEL F:   LIVINGSTON, 
HOLMAN, and GARDNER, JJ.
 
 
DELIVERED: April 8, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
The offense alleged in paragraph two of the petition.