COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-05-327-CR

 

 

COY WAYNE WALKER                                                         APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM THE 415TH
DISTRICT COURT OF PARKER COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Coy Wayne Walker appeals his conviction for the
felony offense of assault of a public servant. 
In two points, Appellant challenges his conviction, alleging that the
trial court abused its discretion by denying his mid- trial oral motion for
continuance and committed reversible error by presenting the jury with an
indictment and jury charge that contained errors.  We affirm.








Background

Testimony of officers at trial established that, around
2:30 a.m. on January 28, 2005, Officer Goff, a corporal with the Weatherford
Police Department, observed a pickup truck driven by Appellant traveling
through his patrol route.  The truck had
no back license plate and had a spotlight shining to the rear.  Because both constitute traffic violations,
Officer Goff stopped the truck.  Officer
Goff testified that when he asked for Appellant=s license and
registration, Appellant informed him that he had neither and then identified
himself as his twin brother, Adam Wayne Walker. 
Officer Goff testified that both Appellant and his passenger, Lori
Holcomb, seemed very nervous.  Officer
Goff stated that he did not believe Appellant had given him his correct name
and that he decided to detain Appellant in the back of his patrol car in handcuffs
while he attempted to ascertain his true identity.  








Officer Goff called for backup, and soon after Officers
Hilliard and Lents arrived at the scene. 
After determining that Appellant=s real name was
Coy Wayne Walker, Officer Goff said that he returned to the patrol car and
found Appellant hitting his head against the window of the patrol car and
kicking the opposite window with his feet. 
Officer Goff testified that he and Officer Hilliard attempted to subdue
Appellant and, in the process, Appellant kicked Officer Goff in the face and
Officer Hilliard in the chest.  The
officers used pepper spray to subdue Appellant and transported him to the
Parker County Jail, while Appellant continued to resist and to spit on the
officers.  A videotape from Officer Goff=s patrol car=s dash camera was
admitted into evidence and played for the jury. 


A grand jury indicted Appellant for the offense of Aintentionally,
knowingly, or recklessly caus[ing] bodily injury to Jason Goff by kicking said
Jason Goff in the face.@ 
One day before Appellant=s trial commenced,
Appellant obtained issuance of a subpoena for the passenger in Appellant=s vehicle, Lori
Holcomb, to appear as a witness.  Holcomb
was not served with the subpoena but voluntarily attended Appellant=s trial on the
first day.  She then fled the courtroom
and did not return on the second day of trial. 
When the State rested, Appellant=s counsel orally
moved for a continuance in order to locate Holcomb, which the trial court
denied.  








The trial continued, and after both sides had rested and
closed, the court submitted the proposed jury charge to both parties for
review.  Appellant objected to the charge,
stating:  ADefendant would
object to the charge to the extent that it does not contain Defendant=s Proposed Jury
Instruction No.1 on the issue of self-defense to resisting arrest in response
to excessive force applied by the police officers.@  The trial court overruled Appellant=s objection and
submitted the charge to the jury as written. 
The jury found Appellant guilty of assaulting Officer Goff Aas charged in the
indictment@ and assessed his punishment at ten years
in prison plus a $1,500 fine. 

Motion for Continuance

In his first point, Appellant contends that the trial court
abused its discretion by denying his oral motion for continuance.  The State maintains that Appellant failed to
preserve this point because he did not comply with the procedural mandates
concerning motions for continuance.

During the guilt/innocence phase of the trial, after the
State had rested,  the following relevant
events transpired outside the jury=s presence:

[DEFENSE COUNSEL]:  Your honor, at this time we would like to ask
for a continuance.  We have a witness
that we have subpoenaed and attempted to serve, and I do believe that she=s secreting - - or secreting
herself from us and we=re unable to serve her at this time
and we=re unable to move forward.  And, in the alternative, we=d like to do an offer of proof.

 

THE COURT:  What says the [S]tate?

 

[PROSECUTOR]:  Judge, I actually haven=t seen it, but it=s my understanding they issued a
subpoena yesterday. 

 

[DEFENSE
COUNSEL]:  Correct.

 

[PROSECUTOR]:  It=s also my understanding she was here yesterday and then
kind of fled from the courthouse in an effort to sound like some sort of TV
drama . . . but if there=s some sort of hope of finding her
in the future, in the immediate future, you know, if we have some kind of lead
or something that we can work with, that might be doable.

 








THE COURT:  What do you think the prospects are?

 

[DEFENSE COUNSEL]:  I mean, I think we know where she=s at, but every time C you know, the one time that we
knew she was there, I mean, she ran off, so I don=t think it=s a good chance that we=re going to find her, to be honest
with you.

 

THE COURT:  And that location would be where?

 

[DEFENSE COUNSEL]:  It=s in Aledo.  I
believe it=s 217 Pine Street in Aledo. 

 

. . . .

 

THE COURT:  You may make your offer of proof.

 

[DEFENSE COUNSEL]:  Okay. Your Honor, the witness=s name was Lori Holcomb,
H-o-l-c-o-m-b, and we believe that she         would
testify that she saw all the incidence C the indicence     [sic]
arising out of the C with Mr. Walker and that she did
see Corporal Hilliard strike Mr. Walker with some instrument.  And that=s it, Your Honor.

 

THE COURT:  Is this the person depicted in the video?

 

[DEFENSE
COUNSEL]:  That=s correct.

 

THE COURT:  Motion denied.    

 








Articles 29.03 and 29.08 of the Texas Code of Criminal
Procedure require motions for continuance to be in writing and sworn to by a
person having personal knowledge of the facts relied upon for the
continuance.  Tex. Code Crim. Proc. Ann. arts. 29.03 (Vernon 2006)
(criminal action may be continued on Awritten motion . .
. upon sufficient cause@ fully set forth in motion), 29.08 (AAll motions for
continuance must be sworn to by person having personal knowledge of the facts
relied on for the continuance.@).  Appellant=s motion for
continuance is unwritten and unsworn and thus falls short of the requirements
of articles 29.03 and 29.08.  See
id.  Moreover, article 29.06 of the
code specifically addresses motions by defendants for continuances based upon
absence of a witness, as follows:

Art. 29.06.  First
motion by defendant

In the first motion by the
defendant for a continuance, it shall be necessary, if the same be on account
of the absence of a witness, to state:

 

1. 
The name of the witness and his address, if known, or that his address
is not known.

 

2. 
The diligence which has been used to procure hisattendance and it shall
not be considered sufficient diligence to have caused to be issued, or to have
applied for, a subpoena, in cases where the law 
authorized an attachment to issue.

 

3. 
The facts which are expected to be proved by the witness, and it must
appear to the court that they are

material.

 

4. 
That the witness is not absent by the procurement or consent of the
defendant.

 

5.  That the motion is not made for delay.

 








6. 
That there is no reasonable expectation that attendance        of the witness can be secured during the
present term of court by a postponement of the trial to some future day of said
term.  The truth of the first, or any
subsequent motion, as well as the merit of the ground set forth therein and its
sufficiency shall be addressed to the sound discretion of the court called to
pass upon the same, and shall not be granted as a matter of right.  If a motion for continuance be overruled, and
the defendant convicted, if it appear upon the trial that the evidence of the
witness orwitnesses named in the motion was of a material character, and that
the facts set forth in the motion were probably true, a new trial should be
granted, and the cause continued or postponed to a future day of the same term.

 

Tex. Code Crim. Proc. Ann. art. 29.06
(Vernon 2006).  Additionally, however,
while articles 29.03 and 29.06 do not specify whether they apply only to
pretrial motions or to both pretrial motions and those being made during trial,
article 29.13 specifically provides:

Art. 29.13. Continuance after trial
is begun

 

A continuance or postponement may
be granted on the motion of the State or defendant after the trial has begun,
when it is made to appear to the satisfaction of the court that by some
unexpected occurrence since the trial began, which no reasonable diligence
could have anticipated, the applicant is so taken by surprise that a fair trial
cannot be had.

 

Tex. Code
Crim. Proc. Ann. art.
29.13 (Vernon 2005).  

 








Some Texas courts, including the court of criminal appeals,
have held that a trial court=s denial of an
oral motion for continuance, even during trial, preserves nothing for appellate
review.  See, e.g., Dewberry v. State,
4 S.W.3d 735, 755 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131
(2000); Cantu v. State, No. 02-05-00436-CR, 2006 WL 1919684, at *1 (Tex.
App.CFort Worth, July
13, 2006, no pet. h.) (mem. op.) (not designated for publication); Marinos
v. State, 186 S.W.3d 167, 178 (Tex. App.CAustin 2006, pet.
filed); Pierce v. State, 113 S.W.3d 431, 435 (Tex. App.CTexarkana 2003,
pet. ref=d) (during
revocation hearing); Dixon v. State, 64 S.W.3d 469, 473 (Tex. App.CAmarillo 2001,
pet. ref=d) (during
trial).   








In a footnote in Dewberry, the court of criminal
appeals explained that it was refusing to exercise any Aequitable powers@ to review a
denial of an oral motion as urged by the appellant because he had failed to
cite any authority for his request and the court had found none.  4 S.W.3d at 755, n.22.  However, we note that at least one court of
criminal appeals case predating Dewberry and several courts of appeals
decisions since Dewberry have held that an oral motion for postponement
of trial not reduced to writing and unsworn may be addressed on equitable
grounds.  See Darty v. State, 149
Tex. Crim. 256, 257, 193 S.W.2d 195, 195 (1946) (holding oral motion for
continuance by defendant in order to allow time to inspect stolen property not
a Astatutory@ motion and,
therefore, addressed to equitable powers of court); Deaton v. State, 948
S.W.2d 371, 374 (Tex. App.CBeaumont 1997, no
pet.); Petrick v. State, 832 S.W.2d 767, 770 (Tex. App.CHouston [1st
Dist.] 1992, pet. ref=d); O=Rarden v. State, 777 S.W.2d 455,
459 (Tex. App.CDallas 1989, pet. ref=d) (op. on reh=g).  But this Court has on several occasions
expressly declined to do so.  Cantu,
2006 WL 1919684, at *1 (citing Ricketts v. State, 89 S.W.3d 312, 317
(Tex. App.CFort Worth 2002, pet. ref=d)); Woodall v.
State, 77 S.W.3d 388, 401 (Tex. App.CFort Worth 2002,
pet. ref=d).[2]    








It is unnecessary in this case to determine whether we
should reconsider our previous decisions holding that an oral motion for
continuance during trial fails to preserve error because, even if we assume
that the oral motion for continuance here was sufficient to invoke the
equitable powers of the court, Appellant failed to show due diligence as
required for a continuance because of a missing witness.  Tex.
Code Crim. Proc. Ann. art. 29.06(2) (requiring motion for continuance to
state Athe diligence
which has been used to procure [a witness=s] attendance.@); see
Dewberry, 4 S.W.3d at 756; Hughes v. State, 962 S.W.2d 89, 90 (Tex.
App.CHouston [1st
Dist.] 1997, pet. ref=d). 
Merely applying for or causing a subpoena to issue of a particular
witness is not sufficient diligence.  Tex. Code Crim. Proc. Ann. art.
29.06(2).  AIf a defendant
does not apply for process for a witness until a day or two before his trial,
he has failed to exercise the due diligence which is necessary to support a
motion for continuance . . . .@  Peoples v. State, 477 S.W.2d 889, 891
(Tex. Crim. App. 1972).  








Appellant=s attorney knew of
the missing witness=s identity because he knew that she had
been present the first day of trial.  He
also knew of her presence at the crime scene and, therefore, of her potential
materiality as an eyewitness because he acknowledged when the State offered the
videotape of the traffic stop that he had previously reviewed it.  Appellant, himself, knew of the presence and
identity of the witness because she was a passenger in his vehicle at the time
of the traffic stop and events that followed. 
When a defendant has failed to demonstrate the diligence required in
seeking to locate or subpoena a missing witness, the trial court does not abuse
its discretion by denying his motion for continuance.  Dewberry, 4 S.W.3d at 756 (defense did
not attempt to subpoena witness until after trial started); see also Norton
v. State, 564 S.W.2d 714, 717 (Tex. Crim. App. [Panel Op.] 1978) (defense did
not apply for process until two days before trial); Varela v. State, 561
S.W.2d 186, 190 (Tex. Crim. App. 1978) (defendant did not cause citation to be
issued for missing witness until the day before trial on merits began).  Therefore, the trial court did not abuse its
discretion by denying the motion for continuance on equitable grounds.  Therefore, we overrule Appellant=s first point.

The Indictment and Jury Charge

In his second point, Appellant argues that the trial court
committed reversible error by allowing the jury to find him guilty of
recklessly assaulting a public servant because neither the indictment nor jury
charge required the jury to find that Appellant had committed a specific act
amounting to recklessness.  The
indictment alleged that Appellant Adid then and there
intentionally, knowingly, or recklessly cause bodily injury to Jason Goff by
kicking said Jason  Goff in the face[.]@








Article 1.14(b) of the Texas Code of Criminal Procedure
provides that, if a defendant does not object to an error in the indictment
before the date on which the trial on the merits commences, the defendant
waives and forfeits the right to object to the error on appeal.  Tex.
Code Crim. Proc. Ann. art. 1.14(b) (Vernon 2005).  An appellant thus cannot properly preserve an
alleged error in an indictment without first making a pretrial objection to the
error.  Studer v. State, 799
S.W.2d 263, 273 (Tex. Crim. App. 1990); Anderson v. State, 905 S.W.2d
367, 369 (Tex. App.CFort Worth 1995, pet. ref=d).  The record shows that Appellant made no
pretrial motions or objections concerning the indictment.  Therefore, Appellant may not now allege an
error in the indictment as he did not properly preserve it for appeal.

Appellant also argues that the jury charge contained an
error.  The jury charge read, in relevant
part:

[I]f you find from the evidence
beyond a reasonable doubt that in Parker County, Texas, on or about the 28th
day of January, 2005, the defendant, Coy Wayne Walker, did then and there,
intentionally, knowingly, or recklessly cause bodily injury to Jason Goff by
kicking said Jason Goff in the face . . . then you will find the defendant
guilty of assault (public servant) as charged in the indictment.

 

Appellant
contends that the jury charge violated article 21.15 of the Texas Code of
Criminal Procedure by not requiring the jury to find that Appellant committed a
specific act amounting to recklessness.  








Article 21.15 of the Texas Code of Criminal Procedure
requires that, whenever recklessness is charged, the charging instrument must
allege, with reasonably certainty, the act or acts relied upon to constitute
recklessness.  Tex. Code Crim. Proc. Ann. art. 21.15 (Vernon 1989).  The jury charge tracked the language of the
indictment and alleged that Appellant acted recklessly by Akicking said Jason
Goff in the face.@ 
This language sets forth, with reasonable certainty, the act relied upon
to constitute Appellant=s recklessness.  See Arroyo v. State, 64 S.W.3d 81, 83
(Tex. App.CSan Antonio 2001), vacated on other
grounds, 117 S.W.3d 795 (Tex. Crim. App. 2003) (holding information which
stated that appellant intentionally, knowingly, or recklessly caused bodily
injury to complainant by striking complainant in the head with a bat sufficient
to comply with article 21.15); McKenzie v. State, No. 02-02-00195-CR,
2003 WL 21513625, at *1 (Tex. App.CFort Worth July 3,
2003, no pet.) (mem. op.) (not designated for publication) (holding that
language in indictment stating that appellant intentionally, knowingly, or
recklessly caused bodily injury to complainant by shooting complainant with a
rifle sufficient to allege the act relied upon to constitute recklessness).

We hold that the jury charge met the requirements of
article 21.15.  Thus, the trial court did
not err, and we overrule Appellant=s second point.

Conclusion

Having overruled both of Appellant=s points, we
affirm the trial court=s judgment.

 

 

ANNE GARDNER

JUSTICE

 

PANEL F:    DAUPHINOT,
HOLMAN, and GARDNER, JJ.

 

DO NOT PUBLISH

Tex. R.
App. P. 47.2(b)

 

DELIVERED:  January 11, 2007      











[1]See Tex.
R. App. P. 47.4.





[2] In Williams v. State, we
held that a trial court did not abuse its discretion in granting an oral
motion for continuance on equitable grounds. 172 S.W.3d 730, 733 (Tex. App.CFort Worth 2005, pet. ref=d) (citing Darty, 193 S.W.2d
at 195; Hernandez v. State, 492 S.W.2d 466, 467 (Tex. Crim. App. 1973)
(holding motion for continuance based on equitable grounds addressed to sound
discretion of court)).  We explained that
denial of such a motion is not subject to equitable review because error
has not been preserved. Williams, 172 S.W.3d at 733, n.1.