COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-05-327-CR

COY WAYNE WALKER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 415TH DISTRICT COURT OF PARKER COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Coy Wayne Walker appeals his conviction for the felony offense of assault of a public servant.  In two points, Appellant challenges his conviction, alleging that the trial court abused its discretion by denying his mid- trial oral motion for continuance and committed reversible error by presenting the jury with an indictment and jury charge that contained errors.  We affirm.

Background

Testimony of officers at trial established that, around 2:30 a.m. on January 28, 2005, Officer Goff, a corporal with the Weatherford Police Department, observed a pickup truck driven by Appellant traveling through his patrol route.  The truck had no back license plate and had a spotlight shining to the rear.  Because both constitute traffic violations, Officer Goff stopped the truck.  Officer Goff testified that when he asked for Appellant’s license and registration, Appellant informed him that he had neither and then identified himself as his twin brother, Adam Wayne Walker.  Officer Goff testified that both Appellant and his passenger, Lori Holcomb, seemed very nervous.  Officer Goff stated that he did not believe Appellant had given him his correct name and that he decided to detain Appellant in the back of his patrol car in handcuffs while he attempted to ascertain his true identity.  

Officer Goff called for backup, and soon after Officers Hilliard and Lents arrived at the scene.  After determining that Appellant’s real name was Coy Wayne Walker, Officer Goff said that he returned to the patrol car and found Appellant hitting his head against the window of the patrol car and kicking the opposite window with his feet.  Officer Goff testified that he and Officer Hilliard attempted to subdue Appellant and, in the process, Appellant kicked Officer Goff in the face and Officer Hilliard in the chest.  The officers used pepper spray to subdue Appellant and transported him to the Parker County Jail, while Appellant continued to resist and to spit on the officers.  A videotape from Officer Goff’s patrol car’s dash camera was admitted into evidence and played for the jury.  

A grand jury indicted Appellant for the offense of “intentionally, knowingly, or recklessly caus[ing] bodily injury to Jason Goff by kicking said Jason Goff in the face.”  One day before Appellant’s trial commenced, Appellant obtained issuance of a subpoena for the passenger in Appellant’s vehicle, Lori Holcomb, to appear as a witness.  Holcomb was not served with the subpoena but voluntarily attended Appellant’s trial on the first day.  She then fled the courtroom and did not return on the second day of trial.  When the State rested, Appellant’s counsel orally moved for a continuance in order to locate Holcomb, which the trial court denied.  

The trial continued, and after both sides had rested and closed, the court submitted the proposed jury charge to both parties for review.  Appellant objected to the charge, stating:  “Defendant would object to the charge to the extent that it does not contain Defendant’s Proposed Jury Instruction No.1 on the issue of self-defense to resisting arrest in response to excessive force applied by the police officers.”  The trial court overruled Appellant’s objection and submitted the charge to the jury as written.  The jury found Appellant guilty of assaulting Officer Goff “as charged in the indictment” and assessed his punishment at ten years in prison plus a $1,500 fine. 

Motion for Continuance

In his first point, Appellant contends that the trial court abused its discretion by denying his oral motion for continuance.  The State maintains that Appellant failed to preserve this point because he did not comply with the procedural mandates concerning motions for continuance.

During the guilt/innocence phase of the trial, after the State had rested,  the following relevant events transpired outside the jury’s presence:

[DEFENSE COUNSEL]:  Your honor, at this time we would like to ask for a continuance.  We have a witness that we have subpoenaed and attempted to serve, and I do believe that she’s secreting - - or secreting herself from us and we’re unable to serve her at this time and we’re unable to move forward.  And, in the alternative, we’d like to do an offer of proof.

THE COURT:  What says the [S]tate?

[PROSECUTOR]:  Judge, I actually haven’t seen it, but it’s my understanding they issued a subpoena yesterday. 

[DEFENSE COUNSEL]:  Correct.

[PROSECUTOR]:  It’s also my understanding she was here yesterday and then kind of fled from the courthouse in an effort to sound like some sort of TV drama . . . but if there’s some sort of hope of finding her in the future, in the immediate future, you know, if we have some kind of lead or something that we can work with, that might be doable.

THE COURT:  What do you think the prospects are?

[DEFENSE COUNSEL]:  I mean, I think we know where she’s at, but every time — you know, the one time that we knew she was there, I mean, she ran off, so I don’t think it’s a good chance that we’re going to find her, to be honest with you.

THE COURT:  And that location would be where?

[DEFENSE COUNSEL]:  It’s in Aledo.  I believe it’s 217 Pine Street in Aledo. 

. . . .

THE COURT:  You may make your offer of proof.

[DEFENSE COUNSEL]:  Okay. Your Honor, the witness’s name was Lori Holcomb, H-o-l-c-o-m-b, and we believe that she would testify that she saw all the incidence — the indicence [sic] arising out of the — with Mr. Walker and that she did see Corporal Hilliard strike Mr. Walker with some instrument.  And that’s it, Your Honor.

THE COURT:  Is this the person depicted in the video?

[DEFENSE COUNSEL]:  That’s correct.

THE COURT:  Motion denied.    

Articles 29.03 and 29.08 of the Texas Code of Criminal Procedure require motions for continuance to be in writing and sworn to by a person having personal knowledge of the facts relied upon for the continuance.  
Tex. Code Crim. Proc. Ann.
 arts. 29.03 (Vernon 2006) (criminal action may be continued on “written motion . . . upon sufficient cause” fully set forth in motion), 29.08 (“All motions for continuance must be sworn to by person having personal knowledge of the facts relied on for the continuance.”).  Appellant’s motion for continuance is unwritten and unsworn and thus falls short of the requirements of articles 29.03 and 29.08.  
See id.  
Moreover, article 29.06 of the code specifically addresses motions by defendants for continuances based upon absence of a witness, as follows:

Art. 29.06.  First motion by defendant

In the first motion by the defendant for a continuance, it shall be necessary, if the same be on account of the absence of a witness, to state:

1.  The name of the witness and his address, if known, or that his address is not known.

2.  The diligence which has been used to procure hisattendance and it shall not be considered sufficient diligence to have caused to be issued, or to have applied for, a subpoena, in cases where the law  authorized an attachment to issue.

3.  The facts which are expected to be proved by the witness, and it must appear to the court that they are

material.

4.  That the witness is not absent by the procurement or consent of the defendant.

5.  That the motion is not made for delay.

6.  That there is no reasonable expectation that attendance of the witness can be secured during the present term of court by a postponement of the trial to some future day of said term.  The truth of the first, or any subsequent motion, as well as the merit of the ground set forth therein and its sufficiency shall be addressed to the sound discretion of the court called to pass upon the same, and shall not be granted as a matter of right.  If a motion for continuance be overruled, and the defendant convicted, if it appear upon the trial that the evidence of the witness orwitnesses named in the motion was of a material character, and that the facts set forth in the motion were probably true, a new trial should be granted, and the cause continued or postponed to a future day of the same term.

Tex. Code Crim. Proc. Ann.
 art. 29.06 (Vernon 2006).  Additionally, however, while articles 29.03 and 29.06 do not specify whether they apply only to pretrial motions or to both pretrial motions and those being made during trial, article 29.13 specifically provides:

Art. 29.13. Continuance after trial is begun

A continuance or postponement may be granted on the motion of the State or defendant after the trial has begun, when it is made to appear to the satisfaction of the court that by some unexpected occurrence since the trial began, which no reasonable diligence could have anticipated, the applicant is so taken by surprise that a fair trial cannot be had.

Tex. Code Crim. Proc. Ann.
 art. 29.13 (Vernon 2005).  

Some Texas courts, including the court of criminal appeals, have held that a trial court’s denial of an oral motion for continuance, even during trial, preserves nothing for appellate review.  
See, e.g., Dewberry v. State
, 4 S.W.3d 735, 755 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000); 
Cantu v. State
, No. 02-05-00436-CR, 2006 WL 1919684, at *1 (Tex. App.—Fort Worth, July 13, 2006, no pet. h.) (mem. op.) (not designated for publication); 
Marinos v. State
, 186 S.W.3d 167, 178 (Tex. App.—Austin 2006, pet. filed); 
Pierce v. State
, 113 S.W.3d 431, 435 (Tex. App.—Texarkana 2003, pet. ref’d) (during revocation hearing); 
Dixon v. State
, 64 S.W.3d 469, 473 (Tex. App.—Amarillo 2001, pet. ref’d) (during trial).   

In a footnote in
 Dewberry
, the court of criminal appeals explained that it was refusing to exercise any “equitable powers” to review a denial of an oral motion as urged by the appellant because he had failed to cite any authority for his request and the court had found none.  4 S.W.3d at 755, n.22.  
However, we note that at least one court of criminal appeals case predating 
Dewberry
 and several courts of appeals decisions since 
Dewberry
 have held that an oral motion for postponement of trial not reduced to writing and unsworn may be addressed on equitable grounds.  
See Darty v. State
, 149 Tex. Crim. 256, 257, 193 S.W.2d 195, 195 (1946) (holding oral motion for continuance by defendant in order to allow time to inspect stolen property not a “statutory” motion and, therefore, addressed to equitable powers of court);
 Deaton v. State
, 948 S.W.2d 371, 374 (Tex. App.—Beaumont 1997, no pet.);
 Petrick v. State
, 832 S.W.2d 767, 770 (Tex. App.—Houston [1st Dist.] 1992, pet. ref’d); 
O’Rarden v. State, 
777 S.W.2d 455, 459 (Tex. App.—Dallas 1989, pet. ref’d) (op. on reh’g).  But this Court has on several occasions expressly declined to do so.
  Cantu,
 2006 WL 1919684, at *1 (citing 
Ricketts v. State, 
89 S.W.3d 312, 317 (Tex. App.—Fort Worth 2002, pet. ref’d)); 
Woodall v. State
, 77 S.W.3d 388, 401 (Tex. App.—Fort Worth 2002, pet. ref’d).
(footnote: 2)    

It is unnecessary in this case to determine whether we should reconsider our previous decisions holding that an oral motion for continuance during trial fails to preserve error because, even if we assume that the oral motion for continuance here was sufficient to invoke the equitable powers of the 
court, Appellant failed to show due diligence as required for a continuance because of a missing witness.  
Tex. Code Crim. Proc. Ann.
 art. 29.06(2) (requiring motion for continuance to state “the diligence which has been used to procure [a witness’s] attendance.”
);
 see Dewberry, 
4 S.W.3d at 756;
 Hughes v. State, 
962 S.W.2d 89, 90 (Tex. App.—Houston [1st Dist.] 1997, pet. ref’d).  Merely applying for or causing a subpoena to issue of a particular witness is not sufficient diligence.  
Tex. Code Crim. Proc. Ann.
 art. 29.06(2)
.
  “If a defendant does not apply for process for a witness until a day or two before his trial, he has failed to exercise the due diligence which is necessary to support a motion for continuance . . . .”  
Peoples v. State
, 477 S.W.2d 889, 891 (Tex. Crim. App. 1972).  

Appellant’s attorney knew of the missing witness’s identity because he knew that she had been present the first day of trial.  He also knew of her presence at the crime scene and, therefore, of her potential materiality as an eyewitness because he acknowledged when the State offered the videotape of the traffic stop that he had previously reviewed it.  Appellant, himself, knew of the presence and identity of the witness because she was a passenger in his vehicle at the time of the traffic stop and events that followed.  When a defendant has failed to demonstrate the diligence required in seeking to locate or subpoena a missing witness, the trial court does not abuse its discretion by denying his motion for continuance.  
Dewberry
, 4 S.W.3d at 756 (defense did not attempt to subpoena witness until after trial started); 
see also Norton v. State
, 564 S.W.2d 714, 717 (Tex. Crim. App. [Panel Op.] 1978) (defense did not apply for process until two days before trial);
 Varela v. State
, 561 S.W.2d 186, 190 (Tex. Crim. App. 1978) (defendant did not cause citation to be issued for missing witness until the day before trial on merits began).  Therefore, the trial court did not abuse its discretion by denying the motion for continuance on equitable grounds.  
Therefore, we overrule Appellant’s first point.

The Indictment and Jury Charge

In his second point, Appellant argues that the trial court committed reversible error by allowing the jury to find him guilty of recklessly assaulting a public servant because neither the indictment nor jury charge required the jury to find that Appellant had committed a specific act amounting to recklessness.  The indictment alleged that Appellant “did then and there intentionally, knowingly, or recklessly cause bodily injury to Jason Goff by kicking said Jason  Goff in the face[.]”

Article 1.14(b) of the Texas Code of Criminal Procedure provides that, if a defendant does not object to an error in the indictment before the date on which the trial on the merits commences, the defendant waives and forfeits the right to object to the error on appeal.  
Tex. Code Crim. Proc. Ann.
 art.
 1.14(b) (Vernon 2005).  An appellant thus cannot properly preserve an alleged error in an indictment without first making a pretrial objection to the error.  
Studer v. State
, 799 S.W.2d 263, 273 (Tex. Crim. App. 1990); 
Anderson v. State
, 905 S.W.2d 367, 369 (Tex. App.—Fort Worth 1995, pet. ref’d).  The record shows that Appellant made no pretrial motions or objections concerning the indictment.  Therefore, Appellant may not now allege an error in the indictment as he did not properly preserve it for appeal.

Appellant also argues that the jury charge contained an error.  The jury charge read, in relevant part:

[I]f you find from the evidence beyond a reasonable doubt that in Parker County, Texas, on or about the 28th day of January, 2005, the defendant, Coy Wayne Walker, did then and there, intentionally, knowingly, or recklessly cause bodily injury to Jason Goff by kicking said Jason Goff in the face . . . then you will find the defendant guilty of assault (public servant) as charged in the indictment.

Appellant contends that the jury charge violated article 21.15 of the Texas Code of Criminal Procedure by not requiring the jury to find that Appellant committed a specific act amounting to recklessness.  

Article 21.15 of the Texas Code of Criminal Procedure requires that, whenever recklessness is charged, the charging instrument must allege, with reasonably certainty, the act or acts relied upon to constitute recklessness.  
Tex. Code Crim. Proc. Ann
. art. 21.15 (Vernon 1989).  The jury charge tracked the language of the indictment and alleged that Appellant acted recklessly by “kicking said Jason Goff in the face.”  This language sets forth, with reasonable certainty, the act relied upon to constitute Appellant’s recklessness.  
See Arroyo v. State
, 64 S.W.3d 81, 83 (Tex. App.—San Antonio 2001),
 vacated on other grounds
, 117 S.W.3d 795 (Tex. Crim. App. 2003) (holding information which stated that appellant intentionally, knowingly, or recklessly caused bodily injury to complainant by striking complainant in the head with a bat sufficient to comply with article 21.15); 
McKenzie v. State
, No. 02-02-00195-CR, 2003 WL 21513625, at *1 (Tex. App.—Fort Worth July 3, 2003, no pet.) (mem. op.) (not designated for publication) (holding that language in indictment stating that appellant intentionally, knowingly, or recklessly caused bodily injury to complainant by shooting complainant with a rifle sufficient to allege the act relied upon to constitute recklessness).

We hold that the jury charge met the requirements of article 21.15.  Thus, the trial court did not err, and we overrule Appellant’s second point.

Conclusion

Having overruled both of Appellant’s points, we affirm the trial court’s judgment.

ANNE GARDNER

JUSTICE

PANEL F: DAUPHINOT, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  January 11, 2007 

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2: In 
Williams v. State
, we held that a trial court did not abuse its discretion in 
granting
 an oral motion for continuance on equitable grounds. 172 S.W.3d 730, 733 (Tex. App.—Fort Worth 2005, pet. ref’d)
 (citing 
Darty, 
193 S.W.2d at 195; 
Hernandez v. State
, 492 S.W.2d 466, 467 (Tex. Crim. App. 1973) (holding motion for continuance based on equitable grounds addressed to sound discretion of court)).  We 
explained that 
denial 
of such a motion is not subject to equitable review because error has not been preserved. 
Williams
, 172 S.W.3d at 733, n.1.